## THE STATE *vs.* CORRIGAN.

In a criminal proceeding, allegations, which are not essential to constitute the offence charged, and which may be omitted without affecting the charge, or vitiating the indictment, do not require proof, and may be rejected as surplusage.

Where a complaint, by a grand-juror, for selling spirituous and intoxicating liquor, in violation of the statute, entitled "An act for the suppression of intemperance," (Rev. Stat., tit. 54, ch. ii., p. 817,) alleged that the defendant, "by himself, or by his agent, did sell," &c.; it was held, that the words, "by himself, or by his agent," were redundant, and did not vitiate the complaint.

THIS was a complaint, preferred by Leonard Burrows, as a grand-juror of the town of Middletown, to a justice of the peace, against James Corrigan, for selling spirituous liquor, contrary to the statute.

The complaint stated, that "on the 6th day of August, A. D. 1855, at said Middletown, said Corrigan, now of said Middletown, with force and arms, by himself, or by his agent, did sell and deliver to one Hugh Hannegan, of said Middletown, a quantity of spirituous or intoxicating liquor, to wit, the quantity of one pint, against the peace," &c.

After a trial, and conviction before the justice, the defendant appealed the cause to the superior court, where he was again tried, and convicted. He thereupon filed his motion, in arrest of judgment, for the insufficiency of the complaint, which motion was, by said superior court, reserved for the advice of this court.

*Culver* and *Warner*, in support of the motion.

The complaint is bad for uncertainty. The offence is charged in the alternative, or disjunctive. *Smith* v. *The State*, 19 Conn. R., 493.

The rule that it is generally sufficient to charge an offence created by statute, in the language of the statute, will be

found upon examination to refer exclusively to the particularity with which the offence must be described. *Whiting* v. *The State*, 14 Conn. R., 487.

The words "or his agent," were not surplusage, but were introduced to describe the offence. The charge of a sale by himself, and by his agent, are different offences. A selling by his agent, is not proved by proving a selling by the defendant himself, and a conviction in one case would not be a bar to a prosecution for the other. The defendant can not be charged in two distinct characters, or capacities. Wharton's Crim. Law, 120. 2 Met., 119, 125. 5 Met., 246. 19 Conn. R., 499.

*Tyler* and *Vinal*, against the motion.

In a complaint, or information, for an offence created by statute, it is sufficient, as a general rule, to state the offence in the language of the statute. This being a statutory offence, and not coming within any of the exceptions to the general rule, the same being described in the language of the statute, the complaint is therefore sufficient. Stat., 1854, 820, § 8. *Whiting* v. *The State*, 14 Conn. R., 487. *Barth* v. *The State*, 18 Conn. R., 432. *Smith* v. *The State*, 19 Conn. R., 493.

Storrs, J. The question is, whether the complaint in this case is sufficient. The first section of the act, on which it is brought, provides that no person shall sell, "by himself his servant or agent," any spirituous or intoxicating liquor, &c., (Stat., p. 817,) and the complaint alleges that the defendant, "by himself or by his agent," did sell, &c. The defendant claims that this allegation is bad for uncertainty, because it is stated in an alternative, or disjunctive form. The act does not prescribe the form for a complaint under that section, and therefore its validity depends on the general rules, which are applicable to the subject.

The objection of uncertainty, growing out of alternative, or disjunctive averments, usually has been taken to the

description of the offence charged, and rested on the ground that it did not appear of what particular offence the defendant was accused. The objection to this complaint is not, however, of that character, for it is not claimed that it does not properly describe the offence for which it is brought, which consists in the sale of the liquor, with the circumstances of time, place, quantity and person to whom sold. Nor can it be justly claimed that it is uncertain, from the complaint, whether the defendant, or some other person, sold the liquor, and that therefore there is no direct charge against the defendant; for it alleges, in terms, that the defendant sold it. It states indeed that he sold it by himself, or his agent; that, however, is not an allegation that his agent sold it, or that one, or the other of them, without designating which, sold it; but it is an allegation that it was sold by the defendant, and by him alone, for it states that he sold it, either by himself, or by his agent, and if he sold it in either of these ways, the act, in law, was his. *Qui facit per alium facit per se.* If it had been only alleged that the sale was made by the defendant, it would have been supported by proof of a sale by him, through his agent. The objection, then, in this case, is reduced to this, that the alternative expression renders it uncertain whether the defendant made the sale personally, or by an agent; and from what has been said, it is obvious that this is an uncertainty in an immaterial particular. Such an uncertainty, not being descriptive of the offence, does not vitiate the complaint. Allegations, which are not essential to constitute the offence, and which may be omitted without affecting the charge, or vitiating the indictment, do not require proof, and may be rejected as surplusage. Arch. Crim. Law, 108, and cases cited. *State* v. *Stewart,* 31 Maine R., 515. *State* v. *Brown,* 31 Maine R., 520. The words, " by himself or by his agent," in this complaint, seem to have been inserted in consequence of the expression, " by himself, his servant or agent," having been used in the act on which it was brought. That expression,

however, in our opinion, is redundant, and adds no force or meaning to that to which it is attached. It was probably introduced into the act only for the purpose of making it so explicit in its terms, that no person, however ignorant, could doubt whether a sale, by means of an agent, or servant, was intended to be prohibited. To the suggestion that the defendant, by the alternative averment in this complaint, might be put to an inconvenience in preparing his defence, from not knowing whether a sale by him personally, or through an agent, was intended to be proved against him, it is a sufficient answer, that he is subjected to no greater inconvenience than he would be, if it was alleged only that he sold, without stating whether by himself or his agent, in which case it is well settled that he must come prepared to meet proof of a sale in either of these modes.

We are not aware that the view, which we have thus taken of this case, conflicts with the strictest rules, which have been adopted with regard even to indictments for the highest offences. Those rules, however, have been considerably relaxed, in regard to complaints of this description for statutory misdemeanors, and under them, as thus relaxed, we think that this complaint is sustainable on other grounds; but it is unnecessary to pursue the subject further. *Whiting* v. *The State*, 14 Conn. R., 487. *Barth* v. *The State*, 18 Conn. R., 432. *Rawson* v. *The State*, 19 Conn. R., 292.

We advise the superior court to render judgment on the verdict.

In this opinion the other judges, WAITE and HINMAN, concurred.

Complaint sufficient.