Carter *vs.* The State of Georgia.

---

ANTHONY CARTER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where an indictment charges that the defendant was entrusted by the owner with certain melons, "for the purpose of applying the same to the sole use and benefit of the said owner," a verdict of guilty is not sustained by proof that the melons were delivered to the defendant for the purpose of selling the same and bringing the money to the owner, less what he charged for his services.

Criminal law. Larceny after trust. Before Judge SCHLEY. Chatham Superior Court. February Term, 1874.

Anthony Carter was indicted for the offense of larceny after a trust delegated, in this, that he "was entrusted by one John

Carter *vs.* The State of Georgia.

Mongin with four hundred and eighty melons of the value of ten cents each, the property of the said John Mongin, for the purpose of applying the same to the sole use and behoof of the said John Mongin." And, "after having been entrusted as aforesaid, failed to apply thes article aforesaid as directed, but wrongfully, feloniously, fraudulently, and without the consent of the owner thereof, appropriated the same to his own use, without paying to the owner thereof the full value or market price thereof."

The evidence for the state disclosed that the melons were delivered by Mongin to the defendant to be sold for him, the proceeds to be paid to Mongin, less what the defendant charged for his services; that the melons were of the value charged and that the defendant paid but one dollar to Mongin.

The evidence for the defendant is omitted as unnecessary to an understanding of the decision. The jury found a verdict of guilty. The defendant moved for a new trial because the verdict was contrary to the law and the testimony. The motion was overruled and defendant excepted.

DANIEL R. GROOVER, by CHARLES D. HILL, for plaintiff in error.

ALBERT R. LAMAR, solicitor general, for the state.

TRIPPE, Judge.

The statute makes the fraudulent conversion by a bailee of many kinds of property a criminal act, to-wit: money, notes, bonds, cotton, corn, horses, mules, etc. If the indictment charged that the defendant was entrusted with money, or a horse, which he fraudulently converted, it could not be sustained by proof that a bond, or cotton, had been so entrusted and converted. So the same statute, Code section 4424, prescribes that when such things or articles have been entrusted to a person for divers different purposes, to be used by him in various specified ways therein defined, and the bailee shall fraudulently convert them to his own use, or other-

wise dispose of them, he shall, on conviction, be punished. It is as much necessary that the character of the bailment, the purpose for which the thing is entrusted, shall be set forth in the indictment, as it is properly to describe the thing or *article* itself. In both cases the rule is founded on the right of a party to have notice of what it is proposed to convict him. We do not suppose that any indictment under this statute ever failed to define both, to-wit : the article deposited and the nature or object of the bailment. Each of them is set forth in the one under consideration. The bailment therein defined, is that the melons were entrusted·by the owner with the defendant, "for the purpose of applying the same to the sole use and benefit of the said owner." The proof was that they were delivered to the defendant for the purpose of selling the same, and after the defendant was satisfied out of the proceeds of sale for his services, the surplus was.to be paid to the owner. Where the bailee is charged with a trust to be executed in a special mode distinctly defined when it is created, and is to be brought to account for an alleged breach thereof, either civilly or criminally, he should be notified in the suit or the criminal accusation, of what *trust* it is claimed he has been guilty of violating. We think justice and reason demand this, and that it is but preserving a vital rule that obtains in all pleadings, civil or criminal.

Judgment reversed.