STATE v. HESTER.

INDICTMENT: *Gaming.*

An indictment for betting at a game of "hazard or skill" is not objectionable for the disjunctive "or."

APPEAL from *Drew* Circuit Court.
Hon. JOHN M. BRADLEY, Judge.

*Dan W. Jones,* Attorney-General, for appellee.

The appellee was indicted under *sec. 1835, Mans Dig.*, for gaming. A demurrer to the indictment was sustained. The indictment followed the statute in charging the game to have been one of " hazard or skill." It is supposed that the use of the disjunctive " or" was the objection to the indictment.

*Sec. 2107, Mans. Dig.*, says that no indictment shall be insufficient on account of any defect which " does not tend to the prejudice of the substantial rights of the defendant on the merits" of the case. Here the game played is named, as well as the instrument with which it is played, and the appellee knew that he was charged with playing " craps;" and if there was an issue, evidence respecting that game would be adduced.

If it was a game of either hazard or skill it was an offense. If the word " and" had been used instead of " or," there would have been no question as to its sufficiency. How, then, are " the substantial rights" of the appellee " prejudiced" by charging either, when he could be legally charged with both, and where the proof in both cases would necessarily be identical? The indictment is certain, and is unlike cases charging playing distinct games in the alternative, as playing keno, or craps, or tiger, etc.

*Sec. 1840, Mans. Dig.*, makes the rules governing the courts in such cases different from those applicable to ordinary criminal offenses. The appellee was to answer as to one certain kind of game, and no other, and if it was one of either hazard or skill he would be guilty.

COCKRILL, C. J. The appellee was indicted under *sec. 1835, Mans. Dig.*, for gaming. He was charged with playing a game known as " craps," which the indictment al-

leged was a game of " hazard or skill."   A demurrer was sustained to the indictment.

It is supposed that the disjunctive " or " was the objection to it.   There is, however, no duplicity in the indictment.

The accused was called upon to answer to the charge of betting at a specific game—not one of several games described in the alternative—and if that game was one of hazard or skill, and he had bet at it, the offense was complete.

The judgment is reversed and the cause remanded, with instructions to overrule the demurrer.