## HEATH v. THE STATE.

Under the code, §4534, the offence of adultery and fornication may be committed in two ways: either by living together in that state or by perpetrating a single act of criminal intercourse. Committed in either way it is one and the same offence. Therefore an indictment charging in one count its commission in both ways, alleges but one offence, and is not demurrable on the ground that two offences are charged in one count. *Long* v. *The State*, 12 *Ga.* 293; *Thomas* v. *The State*, 59 *Ga.* 784. ·    *Judgment affirmed.*
January 9, 1893.

Before Judge MILLER. Bibb superior court. November term, 1892.

By accusation in the city court the defendant was charged "with the offence of adultery and fornication," for that on April 23, 1892, he "did then and there unlawfully live together in a state of adultery and fornication with Ella Richardson, he the said F. L. Heath being then and there an unmarried man, and she the said Ella Richardson being then and there a married woman whose husband was other than F. L. Heath." The defendant demurred to the accusation, on the

ground that it charges him in the same count with two separate offences, to wit, with the offence of living in a state of adultery and fornication, and also with the offence of committing the offence of adultery and fornication. The demurrer was overruled, and on *certiorari* he assigned this ruling as error. The *certiorari* was overruled, and he excepted.

L. D. Moore, by brief, for plaintiff in error.
W. H. Felton, Jr., solicitor-general, by brief, *contra*.