## COMMONWEALTH *vs.* FRANK N. UHRIG.

Suffolk.    November 23, 1896. — January 11, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Arson — Indictment — Entry of Nolle Prosequi — Duplicity — Juvenile Offender
— Peremptory Challenge — Exceptions — " Warehouse."*

An indictment, charging the wilful and malicious burning of a warehouse in the night-time, but containing no allegation of value, is under Pub. Sts. c. 203, § 4, and not § 2; and the government has the right, before the jury are empanelled, to enter a *nolle prosequi* as to that part of the indictment alleging the commission of the offence "in the night-time."

An indictment, alleging that the defendant, at a time and place named, " with force and arms in the night-time of said day, a certain building, to wit, the warehouse of one J. B., there situate, feloniously, wilfully, and maliciously did burn and consume," is not bad for duplicity, and is sufficient.

The provisions of Pub. Sts. c. 89, §§ 18–22, relating to the trial of juvenile offenders, do not take away the jurisdiction of the Superior Court to try such an offender upon an indictment for arson.

A person indicted under Pub. Sts. c. 203, § 4, for arson, is entitled, under c. 170, § 36, to only two peremptory challenges of jurors.

An exception to the refusal to rule that the evidence in a criminal case was insufficient to warrant a conviction cannot be considered, if the evidence is not set out in the bill of exceptions.

No exception lies to the refusal to give an instruction in the language requested, if it is given in substance.

Evidence that a building was occupied by the owner only for the storage of such tools and stock as he used in his private business will support an indictment for arson describing the building as a " warehouse."

INDICTMENT, alleging that the defendant, on July 4, 1895, at Boston, " with force and arms in the night-time of said day, a certain building, to wit, the warehouse of one James B. Williams, there situate, feloniously, wilfully, and maliciously did burn and consume, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, assigning the following reasons :

" 1. The indictment is bad for duplicity, since it charges in a single count the two several statutory felonies described in Pub. Sts. c. 203, §§ 2, 4.

" 2. The indictment is also bad for uncertainty, since it is doubtful from the contents of its averments which, if indeed either, of the several offences contained in the two sections mentioned is intended to be charged.

" 3. And it is no less a matter of uncertainty whether the words ' contrary to the form of the statute,' found at the close of the indictment, have particular reference to one or the other or both of said sections, or to any other penal enactment in our law.

" 4. The indictment, whether based upon the second or the fourth section named, is fatally defective, because it does not directly and positively indicate, but only argumentatively and in an uncertain and illative manner, either the precise offence intended to be charged, or the description of the building said to have been consumed.

" 5. In the same relation the indictment is fatally defective, because it states after a videlicet, namely, after the words ' to wit,' a matter of description which should be directly, precisely, and positively averred.

" 6. If the indictment be regarded as a process founded on Pub. Sts. c. 203, § 2, it is defective because it contains no statement of ' the value of the building burned, with the property therein contained.' "

The defendant also filed a supplemental motion to quash the indictment, assigning several general grounds therefor.

*Gaskill*, J., overruled these motions; and the defendant excepted.

The government was then allowed, against the defendant's objection and exception, to enter a *nolle prosequi* as to such portion of the indictment as charged that the offence was committed in the night-time.

The defendant thereupon filed a special plea in bar to the indictment, alleging that he was under seventeen years of age and entitled to be prosecuted under the provisions of law relating to juvenile offenders. To this special plea the government demurred. The demurrer was sustained; and the defendant excepted.

The defendant, having peremptorily challenged two of the jurors called to try the cause, peremptorily challenged a third

juror, claiming that he was entitled by law to twenty-two peremptory challenges. But the judge refused to allow the defendant peremptorily to challenge more than two of the jurors, ruling that he was entitled by law to no more than two peremptory challenges ; and the defendant excepted.

At the trial, before the commencement of the arguments, the defendant asked the judge to instruct the jury, among other things, as follows :

" 1. The indictment is insufficient in point of law to warrant the defendant's conviction of any criminal offence.

" 2. The testimony is insufficient to warrant the defendant's conviction of any criminal offence here charged.

" 3. The proof is insufficient to show that the defendant either committed or participated in the commission of any offence here charged. . . .

" 5. Before the defendant can be convicted every juror must be convinced, or satisfied beyond a reasonable doubt, of the fact of his guilt. . . .

" 13. There is a further special averment in the indictment relating to the building consumed. The building is said to have been a warehouse, and this particular averment must be proved as stated. The term 'warehouse' has a specific and definite meaning in the law, and the proof introduced by the Commonwealth is insufficient to show that the building was of the character named."

The judge declined to give the first, second, and third instructions requested, and, with reference to the fifth request, instructed the jury that, before finding the defendant guilty, they must be satisfied beyond a reasonable doubt of the fact of his guilt ; and the defendant excepted.

With reference to the thirteenth instruction requested, the witness Williams had testified that, at the time of the alleged offence, the building was occupied and used by him for the storing of his tools and stock, the latter consisting of paints, oils, varnish, shellac, etc., but it did not appear that the building had been occupied by him for any other purpose than as a place for storing such material as was privately used by him in the prosecution of his personal business.

The judge gave to the jury all of the thirteenth instruc-

tion requested, except the final sentence ; and the defendant excepted.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. E. Bates,* for the defendant.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth.

FIELD, C. J.   This is not an indictment under Pub. Sts. c. 203, § 2, because it is not alleged that the warehouse with the property therein contained was of the value of one thousand dollars. It is an indictment under § 4 of that chapter.   *Commonwealth* v. *Smith,* 151 Mass. 491.   It is an offence under § 4 wilfully and maliciously to burn a warehouse, whether the warehouse be burned in the daytime or in the night-time.   The allegation that the burning was in the night-time was therefore unnecessary.   The attorney of the Commonwealth had the right to enter a *nolle prosequi* as to this part of the indictment, before the jury were empanelled.   *Commonwealth* v. *Tuck,* 20 Pick. 356.   It may be that, without a *nolle prosequi,* the allegation that the burning was in the night-time could be rejected as surplusage.   It was not a constituent element of the offence, and perhaps it could be regarded as not so far descriptive of the offence that it must be proved as laid, but it is unnecessary to decide this.   The indictment is not bad for duplicity ; but one offence is charged in it, nor is it uncertain what the offence is.   *Commonwealth* v. *Hamilton,* 15 Gray, 480.

The demurrer to the defendant's special plea in bar was rightly sustained.   Pub. Sts. c. 89, §§ 18–22, do not take away the jurisdiction of the Superior Court to try a defendant under the age of seventeen years on such an indictment.   See *Fanning* v. *Commonwealth,* 120 Mass. 388.

As the offence was not punishable with death or imprisonment for life, the defendant was entitled to but two peremptory challenges.   Pub. Sts. c. 170, § 36.   No error is shown in the refusal of the court to give the first, second, and third instructions requested.   The indictment was sufficient, and, as the evidence is not set out in the exceptions, we cannot say that the evidence was insufficient to warrant the verdict.   The fifth instruction requested was given in substance.   The thirteenth

instruction requested was given, except the final sentence, which relates to the sufficiency of the evidence to prove that the building burnt was a warehouse. There was evidence that the " building was occupied and used by him [Williams] for the storing of his tools and stock, the latter consisting of paints, oils, varnish, shellac, etc., but it did not appear that the building had been occupied by him for any other purpose than as a place for storing such material as was privately used by him in the prosecution of his personal business." Warehouses may be public or private, and a building may be used as a warehouse for storing only the goods of the owner of the building. *Regina* v. *Hill*, 2 Mood. & Rob. 458. *Ray* v. *Commonwealth*, 12 Bush, (Ky.) 397. The court therefore rightly refused to rule that the evidence was insufficient to show that the building was a warehouse.

*Exceptions overruled.*