### 23071. BROOKS v. THE STATE.

Decided July 21, 1933.

*R. A. Patterson, H. A. Wilkinson,* for plaintiff in error.

*James W. Harris, acting solicitor-general, Hooper & Hooper,* contra.

Guerry, J. The defendant was indicted for embezzlement. The language of the indictment is almost identical with that of the indictment in *Camp* v. *State, 31 Ga. App.* 737. This indictment, however, besides alleging: the defendant having, by virtue of his employment, the custody and control of the moneys, funds, etc., added in parenthesis, after the words "custody and control," the words "and access to," and at another place the words "the same having been intrusted to *and accessible to him.*" (Italics ours.) The motion to quash contained this paragraph: "Because the indictment is insufficient in law as a charge of embezzlement wherein it is charged that the defendant had 'access to' the funds of the bank, or that said funds were 'accessible to' the defendant." On presentation of the motion the court said: "The motion is overruled." Thereupon the solicitor-general stated that the indictment did not follow the terms of the statute, and requested the court to sustain the motion as to the allegations mentioned above, to wit: that the defendant had "access to" the money, and that it was "accessible to" him. The motion as to these terms was sustained and the remainder of the grounds of the demurrer were overruled. The question here presented is whether the sustaining of this motion or demurrer was error, and whether it is in effect an "amendment" of the indictment.

The authorities are in conflict and the question does not seem to have been previously passed upon by Georgia courts. The decided weight of authority is to the effect that any part of a count which is in its nature separable from the rest may be removed and the remainder allowed to stand, as the defendant is not injured by the removal of superfluous or double allegations. Bean *v.* State, 77 Me. 486. In the case of Commonwealth *v.* Uhrig, 167 Mass. 420

(45 N. E. 1047), where an indictment charged one with burning a warehouse "in the nighttime," it was held that the words "in the nighttime," being surplusage, as the offense is the same irrespective of the time of burning, might be stricken without affecting the remainder of the indictment. The same principle was followed in Pickett v. State, 10 Tex. App. 290; Weaver v. State, 52 Tex. Crim. R. 11 (105 S. W. 189); Merrill v. State, 44 N. H. 624; State v. Christian, 30 La. 637; Baker v. State, 12 Ohio St. 214. In Rocco v. State, 37 Miss. 357, where the indictment charged sale of liquor, an amendment striking out the phrase "and to divers other persons" was held proper. The decision in Dodge v. U. S., 169 C. C. A. 316 (258 Fed. 300, 7 A. L. R. 1510), is not in harmony with the great majority of decisions cited in annotations thereunder, and will not be followed in this case. The words "and access to" are nothing more than surplusage. In larceny there is a trespass, and the idea involves the unlawful acquisition of the property, while in embezzlement there is the fraudulent conversion of property after its possession has been lawfully acquired. Property could not be entrusted to a person without giving to him access thereto, or making it accessible to him. Charging in an indictment for embezzlement that a person had access to the money entrusted to him is mere surplusage. The indictment charges embezzlement and not larceny, and is not duplicitous because of the use of the phrase "and access to." Nothing said herein is in conflict with the decisions of this State in *Hill* v. *State,* 41 *Ga.* 484, 501, *Gibson* v. *State,* 162 *Ga.* 504 (134 S. E. 326), and *Goldsmith* v. *State,* 2 *Ga. App.* 283 (58 S. E. 486). The motion to quash the indictment as insufficient in law as a charge of embezzlement, because it was alleged that the defendant had "access to" funds, or they were "accessible" to defendant, was without merit, and the defendant can not be harmed by the sustaining of his motion striking the same.

The evidence amply supports the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*