## 22705.   EUBANKS *v.* THE STATE.

DECIDED AUGUST 2, 1933.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

MacINTYRE, J. The indictment in this case charges J. W. Eubanks with the commission of a felony, in that he "unlawfully and fraudulently, after having been intrusted by J. A. Strother with fifty-four railroad oak cross-ties for the purpose of selling the same, the same being of the value of $45, and of the property

of J. A. Strother, and for the purpose of paying the proceeds thereof to the said J. A. Strother, did sell the same to Clarence Wickersham for the Washington & Lincolnton Railroad, and did fraudulently convert the proceeds thereof, to wit, the sum of $43.20, to the said J. W. Eubanks' own use, and without the consent of him, the said J. A. Strother, the owner thereof, and without paying to the said J. A. Strother, the owner thereof, the full market value thereof on demand, to the loss and damage of the said J. A. Strother in the sum of $43.20." The jury returned the following verdict: "We, the jury, find the defendant guilty and fix punishment at . . years minimum and . . years maximum;" and the court sentenced the defendant to "work in the State Farm for the term of three months," but provided in the sentence that "said defendant may be discharged from custody under this chain-gang sentence . . at any time before the expiration thereof upon paying a fine of $25," including the costs. The exception here is to the judgment overruling the defendant's motion for a new trial, containing the general and several special grounds.

In special grounds 7 and 8 error is assigned because the court charged the jury in the terms of Michie's Penal Code (1926), § 192, as follows: "If any person who has been intrusted by another with any money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton or other produce, or any other article or thing of value, for the purpose of applying the same for the use or benefit of the owner or person delivering it, shall fraudulently convert the same to his own use, he shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than five years; except that where the money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton or other produce, or any other article or thing of value, so fraudulently converted does not exceed fifty ($50.00) dollars in value, the punishment shall be as for a misdemeanor." Under said grounds it is urged that the indictment was drawn under section 194 of the Penal Code (1910), and not under § 192 as amended by the act of 1910 (Ga. L. 1910, p. 60; Michie's (1926) Penal Code, § 192), and that said charge was not supported either by the allegations of the indictment or by the evidence in the case, and that in giving said charge and im-

mediately following it with instructions based upon § 194, without at any time withdrawing the former charge from the consideration of the jury, the court left the jury in a situation where they did not know under which of said sections they were trying the case, and confused and misled them to the injury of the defendant.

Section 194 of the Penal Code (1910) is as follows: "Conversion when intrusted for selling. If any person who has been intrusted by another with any cotton or other produce, or any goods, animal, or other article of value, for the purpose of selling the same and paying the proceeds of such sale to the owner or other person so intrusting or delivering the article, shall fraudulently convert the same, or any part thereof, or the proceeds of any part thereof, to his own use, or shall otherwise dispose of the same to the injury and without the consent of the owner or other person so intrusting or delivering it, and without paying to such owner or person the full value or market price thereof, he shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than five years."

The property set out in § 192 is intrusted "for the purpose of applying the same for the use or benefit of the owner or person delivering it." Said section also contains the mandatory provision that if the property converted does not exceed fifty dollars in value, the punishment shall be as for a misdemeanor; while § 194 deals exclusively with property intrusted to another "for the purpose of selling the same and paying the proceeds of such sale to the owner or other person so intrusting or delivering the article," and the offense is complete when the person to whom the property is intrusted "shall fraudulently convert the same, or any part thereof, or the proceeds of any part thereof, to his own use, or shall otherwise dispose of the same to the injury and without the consent of the owner or other person so intrusting or delivering it, and without paying to such owner or person the full value or market price thereof." Furthermore, § 194 does not provide for any mandatory misdemeanor punishment. There can be no doubt that the two code sections under consideration prescribe two entirely separate and distinct crimes, and a casual reading of the indictment suffices to show that it was drawn under § 194, and not under § 192. In so far as the evidence makes any case against

the defendant, it makes one under § 194, and not under § 192. It follows that the charge complained of was not supported either by the indictment or by the evidence. "The office of a charge by the court is to give to the jury such instruction touching the rules of law pertinent to the issues involved in the pending trial, as will enable them intelligently to apply thereto the evidence submitted, and from the two constituents law and fact make a verdict." *Thomas* v. *State,* 95 *Ga.* 484 (3) (22 S. E. 315). "Instructions inapplicable to the pleadings and the evidence should not be given to the jury; and where such instructions submit to the jury an issue and a theory not supported by the pleadings and evidence, a new trial will be granted." *Hand* v. *Matthews,* 153 *Ga.* 75 (3) (111 S. E. 408). "The instructions of the court should be adjusted to the evidence, and no instruction should be given upon any theory which is unsupported by the evidence." *Betts* v. *State,* 157 *Ga.* 844 (3) (122 S. E. 551). "A charge to the jury which is not authorized by the evidence, and which is calculated to mislead and confuse the jury, requires a new trial." *Goodson* v. *State,* 162 *Ga.* 178 (5-a) (132 S. E. 899).

Can it be fairly said that there was error without injury because a misdemeanor punishment was made mandatory under § 192 (and not under § 194), and the court did, as a matter of fact, impose a very light misdemeanor sentence upon the defendant? We think not. The fact that the judge charged § 192 and, in effect, told the jury that the defendant could only be punished as for a misdemeanor, and the fact that he gave a misdemeanor sentence after the jury had found the defendant guilty of a felony, without any recommendation that he be punished as for a misdemeanor, conclusively shows that the judge erroneously thought that § 192 was applicable to the case. Is it not highly probable that the jury thought as did the court? The court charged a code section that was entirely inapplicable to the case, and emphasized his opinion that it was applicable by pointedly applying the misdemeanor punishment prescribed by it to the defendant in the case; for, immediately following his charge of § 192, the judge told the jury: "It is conceded in this case that the alleged value of the property alleged to have been converted is less than $50, which makes it a misdemeanor." The charge complained of, immediately followed as it was by instructions based upon § 194,

must have been confusing to the jury. Furthermore, the erroneous charge was not cured by the instruction under § 194, for the reason that the former was never expressly withdrawn from the consideration of the jury. See *Atkinson* v. *Atkinson,* 159 *Ga.* 882 (3) (127 S. E. 149). Our conclusion is that the charge complained of was confusing and misleading to the jury and harmful to the defendant, and that in giving it the trial judge committed reversible error. It follows from what has been said that the court should not have instructed the jury as follows: "It is conceded in this case that the value of the property alleged to have been converted is less than fifty dollars, which makes it a misdemeanor."

The judgment having been reversed because of the said erroneous charge of the court, we shall not discuss either the general grounds of the motion for a new trial or the two special grounds complaining that the venue of the offense charged was not proved. The remaining special grounds disclose no reversible error and present no question that is new or interesting, and a discussion of them would answer no good purpose.

*Judgment reversed. Guerry, J., concurs specially. Broyles, C. J., dissents.*

GUERRY, J., concurring specially. The defendant in this case is indicted under § 194 of the Penal Code of 1910. This section prescribes a felony punishment for not less than one nor longer than five years, irrespective of the value of the property converted. Section 192 of the Penal Code of 1910 as amended by the act of 1910 (Ga. L. 1910, p. 60) provides that where the value of the thing converted does not exceed $50 the punishment shall be as for a misdemeanor. Where the value of the thing converted is in excess of $50 the punishment shall be from one to five years. The chief distinction between § 192 and § 194 is that in section 192 it is provided that "if any person who has been intrusted by another with any money, note, bill of exchange, money, cotton or other produce, or any other article or thing of value, *for the purpose of applying the same for the use or benefit of the owner or person delivering it* [italics mine], shall fraudulently convert the same to his own use," he shall be punished, etc.; while in § 194 it is provided that "If any person who has been intrusted by another with any cotton or other produce, or any goods, animal, or other article

of value, *for the purpose of selling the same and paying the proceeds of such sale to the owner or other person so intrusting or delivering the article* [italics mine] shall fraudulently convert the same," etc. The court did not instruct the jury in this case that in the event the defendant should be convicted under the indictment his punishment would be not less than one nor longer than five years, but expressly stated to them that the crime as charged was a misdemeanor. Unless it may be said that § 194 embraces § 192, the charge given was error. It may have been the purpose of the legislature, at the time § 192 was amended, to amend also § 194 and reduce the punishment therein to a misdemeanor. The trial judge evidently concluded that this had been done.

It may be said that the error complained of in this case is harmless, in view of the fact that the defendant, although indicted for a felony, was tried and convicted as for a misdemeanor, just as one who is charged with an assault with intent to murder may be convicted of shooting at another or of an assault and battery. This is true, however, because the indictment for assault with intent to murder necessarily includes shooting at another and an assault and battery on the theory that the greater includes the less. We are not prepared to say that section 194 includes section 192, and we think it was error for the court to instruct the jury with reference to the provisions of § 192 where the indictment itself is drawn under § 194.

Broyles, C. J., dissenting. I can not agree with my colleagues that the trial judge committed error prejudicial to the accused, in charging section 192 of the Penal Code of 1910 as amended by the act of 1910 (Ga. L. 1910, p. 60). Conceding that the indictment was drawn under section 194 of the Penal Code of 1910 (the violation of which is a felony), the mere fact that the judge, though he gave the substance of that section in charge to the jury, also inappropriately charged section 192 of the Penal Code as amended by the above referred to act (the violation of which is a misdemeanor), does not require another hearing of the case. It does not appear that the charge was confusing to the jury, for they found the defendant guilty of a felony, which meant a violation of section 194 of the Penal Code (the section under which the indictment was drawn, and the section which the evidence showed had been violated by the accused). It is obvious that the charge of the court did not

cause the jury to return a compromise verdict. The further fact that the judge, apparently concluding that the indictment was based on section 192 as amended, imposed a misdemeanor sentence, does not show harmful error to the defendant. Nor was it harmful to the defendant, under the facts of the case, for the judge to instruct the jury that "it is conceded in this case that the value of the property alleged to have been converted is less than fifty dollars, which makes it a misdemeanor."

In my opinion the venue was sufficiently shown by the evidence and the legal inferences arising therefrom. If one is intrusted with property in a particular county, and in that county conceives the intent to convert the property to his own use, and has possession of the property with such intent, the offense of larceny after trust is completed though he may actually dispose of the property in some other county. 10 Am. & Eng. Enc. L. (2d ed.), 1025; *Keys* v. *State,* 112 *Ga.* 392, 399 (37 S. E. 762, 81 Am. St. R. 63).

The verdict was authorized by the evidence. The remaining special grounds of the motion for a new trial show no cause for a reversal of the judgment. I think the judgment should be affirmed.