### 25299. DUKES v. THE STATE.

*J. A. Darsey,* for plaintiff in error.

*Chester A. Byars, solicitor, J. O. Futral,* contra.

BROYLES, C. J. The defendant was convicted of larceny after trust. In the accusation it was charged that he, "after having been entrusted with $2 U. S. money by Crossfield Ice Company, did fail and refuse to return same or to account for same, to the loss and damage to said Crossfield Ice Company of said sum of $2." The proof showed that the defendant, a driver of a delivery truck of the company, was entrusted with a book of ice tickets worth three dollars, to be sold to DeFore, a customer of the ice company; that he sold the book to DeFore for three dollars and received the money; that it was his duty to return the three dollars to the company, but that he turned over to it only one dollar, and fraudulently converted the remaining two dollars to his own use. Under these facts (which the evidence authorized the jury to find), there was no variance between the accusation and the proof. When the company entrusted the defendant with the book of tickets for the purpose of selling it to a customer and returning the proceeds to the company, and when the defendant sold it to the customer for three dollars (the price of the book) and collected the money, he was, in legal contemplation, entrusted by the ice company with the three dollars, and was guilty of larceny after trust when he fraudulently, and with intent to steal, converted to his own use two dollars of that amount. *Hagood* v. *State,* 5 *Ga. App.* 80 (6), 89, 90 (62 S. E. 641). The evidence amply authorized the verdict, and the single special ground of the motion for new trial shows no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*