31847. HAMBY *v.* THE STATE.

Decided February 21, 1948.

*John M. Slaton, J. Hugh Rogers,* for plaintiff in error.

*Paul Webb, Solicitor-General, James W. Dorsey, William Hall, J. Walter LeCraw,* contra.

GARDNER, J. ■ The Code sections referred to in the demurrers read: "Any bailee, with whom any money or other thing of value may be intrusted or deposited, who shall, after a sale of any of said articles with the consent of the owner or bailor, fraudulently, and without the consent of the owner or bailor, convert the proceeds or any part thereof to his own use, and fail or refuse to pay the same over to such owner or bailor on demand, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than seven years." § 26-2807. "Any person who has been intrusted by another with any money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton, or other produce, or any other article or thing of value, for the purpose of applying the same for the use or bene-

fit of the owner or person delivering it, who shall fraudulently convert the same to his own use, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years; except that where the money; note, bill of exchange, bond, check, draft, order for the payment of money, cotton, or other produce, or any other article or thing of value, so fraudulently converted does not exceed $50 in value, the punishment shall be as for a misdemeanor." § 26-2809. "Any person who has been intrusted by another with any cotton or other produce, or any goods, animal, or other article of value, for the purpose of selling the same and paying the proceeds of such sale to the owner or other person so intrusting or delivering the article, who shall fraudulently convert the same, or any part thereof, or the proceeds of any part thereof, to his own use, or shall otherwise dispose of the same to the injury and without the consent of the owner or other person so intrusting or delivering it, and without paying to such owner or person the full value or market price thereof, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years." § 26-2811.

The State contends that the indictment was drawn under the Code, § 26-2811. This section contains two distinct offenses. See *Cody* v. *State,* 100 *Ga.* 105, 107 (28 S. E. 106), where the Supreme Court said: "It is manifest from a careful reading of the section above referred to (4422 of the Code of 1822, which is § 26-2811 of the Code of 1933), that it provides for two distinct offenses. 1. If any of the bailees named with whom any money or other thing shall be intrusted or desposited shall fraudulently convert the same or any part thereof to his own use, the statute is broken. 2. If any of such bailees with whom the property shall be intrusted or deposited shall dispose of the same to the injury of the bailor (otherwise than to fraudulently convert it to his own use) without the consent of the bailor, and without paying to the owner or bailor on demand the full value or market price he has committed an offense against which the statute provides. Each of these acts is made a distinct offense punishable as provided in the section. *McCoy* v. *State,* 15 *Ga.* 205; *Soule* v. *State,* 71 *Ga.* 270." See also *Sanders* v. *State,* 86 *Ga.* 717 (12 S. E. 1058). These decisions were dealing with § 4422 of the

Code of 1822, which is now § 26-2811 of the Code of 1933. In this connection, see also *Eubanks* v. *State,* 47 *Ga. App.* 276 (1) (170 S. E. 322), which holds that there are two distinct offenses embraced in § 194 of the Code of 1910 (Code of 1933, § 26-2811). This court had the same principle, but under a different form, for consideration in *McCranie* v. *State,* 51 *Ga. App.* 192 (179 S. E. 826). In the latter decision this court held: "Movant amends further upon the ground that two counts are charged, or rather there are two offenses charged in one count in the indictment. The indictment charges the offense under section 192 of the Penal Code, and follows with another charge under section 194. No appropriate and timely attack was made upon the indictment, and even if there had been, rulings upon the sufficiency of the pleadings are not proper subject matter for a motion for a new trial." Also, the same principle is dealt with in another decision, *Carter* v. *State,* 53 *Ga.* 326. In that case the indictment alleged that the defendant fraudulently converted melons and the proof showed that he was to sell the melons, and he converted the proceeds. This verdict was set aside. Our Supreme Court in early cases laid down and made clear the principle that distinct offenses can not be joined in the same count (*Long* v. *State,* 12 *Ga.* 293; *Gilbert* v. *State,* 65 *Ga.* 449); and that principle obtains today. *Durden* v. *State,* 29 *Ga. App.* 548 (116 S. E. 41). It will be observed that demand is alleged in every count of the indictment. Code § 26-2811, under which the State contends that the indictment was drawn, does not provide for demand. Section 26-2811 contemplates authority to sell. So also does § 26-2807. Section 26-2807 makes demand necessary. It can therefore be readily seen that the indictment confuses the provisions of the Code, § 26-2811 with § 26-2807, as specifically pointed out in the demurrer. It does not distinctly appear from this confused state of pleading in the indictment under which of the sections, § 26-2807, § 26-2809, or § 26-2811, the indictment is drawn. The demand, as alleged in each count of the indictment, is only required under § 26-2807. Therefore it follows that it is impossible to tell under which section of the Code the indictment is drawn. They contain different penalties. For a bailee to convert property intrusted to him for the use and benefit of the owner is one thing, and to convert the proceeds of property where he has authority to

sell, is quite another and different thing. Under § 26-2807 the penalty, under that phase of conversion, is not less than two nor more than seven years, whereas the other phase of conversion as specified in § 26-2811 carries a penalty of not less than one year nor more than five years in the penitentiary. A very interesting and informative case along the line now under consideration is *Keys* v. *State*, 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63). Without citing further authority, we are of the opinion that the demurrers, both general and special, should have been sustained, under the decisions of the Supreme Court and of this court, and the court erred in overruling them.

■ We think it appropriate here to deal with the State's contentions and the authorities on which it relies. We will do so briefly. It is contended that this court can direct that the allegations in the counts under question be stripped down to one offense on the principle of surplusage. We do not think so. On this question the Supreme Court in *Henderson* v. *State*, 113 *Ga.* 1149 (39 S. E. 446), said: "As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. If evidence can be offered in support of the allegation, the allegation can not be rejected as surplusage. . . It is still the law of this State that a person accused of crime is entitled to an indictment which is good in matter of form as well as in substance." But the State contends that since the present indictment charges the offense in the conjunctive, this authority is not applicable here. Upon a careful reading of the record in the case at bar, and in view of the decision in the *Henderson* case, we do not think this reasoning sound.

Our attention is called to *Webb* v. *State*, 177 *Ga.* 414 (170 S. E. 252), to the effect that several offenses of the same class or species may be joined in different counts of the same indictment. This decision is not applicable here for the reason, already observed, that Code § 26-2811 contains two separate and distinct offenses, and they are here joined in the same count and not in separate counts.

Our attention is also called to *Heath* v. *State*, 91 *Ga.* 126 (16 S. E. 657). This case dealt with adultery and fornication, which

may be committed in two ways, and the case is therefore not applicable here. In *Hall* v. *State*, 8 *Ga. App.* 747 (70 S. E. 211), this court held that, where one offense could be committed in several ways, it is permissible to incorporate the different ways in one count. *Brown* v. *State*, 67 *Ga. App.* 550 (21 S. E. 2d, 268), and *Isom* v. *State*, 71 *Ga. App.* 803 (32 S. E. 2d, 437), are not authority for the State's contention. Neither is there any conflict in what we have held here with the following cases cited by the State, which we are called upon to compare with the case at bar. We have read and compared them but, since counsel for the State does not see fit to call our attention to any distinctive features in the cases cited which are contrary to what we have held in the first division of this opinion, and since we have been able to find no conflicts in reading them, we cite them here without further comment: *Dukes* v. *State*, 52 *Ga. App.* 200 (182 S. E. 803); *Chaffin* v. *State*, 5 *Ga. App.* 368 (63 S. E. 230); *Brandt* v. *State*, 71 *Ga. App.* 221 (30 S. E. 2d, 652); *McCrory* v. *State*, 11 *Ga. App.* 787 (76 S. E. 163); *Minnis* v. *State*, 29 *Ga. App.* 227 (114 S. E. 587); *Hagood* v. *State*, 5 *Ga. App.* 80 (6) (62 S. E. 641); *Lewis* v. *State*, 17 *Ga. App.* 667 (87 S. E. 1087); *Carter* v. *State*, 53 *Ga.* 326; *Brooks* v. *State*, 47 *Ga. App.* 226 (2) (170 S. E. 406); *Price* v. *State*, 76 *Ga. App.* 283 (45 S. E. 2d, 462); *Johnson* v. *State*, 203 *Ga.* — (45 S. E. 2d, 616). The State also cites *Elsbery* v. *State*, 12 *Ga. App.* 86 (1) (76 S. E. 779), and *Holland* v. *State*, 11 *Ga. App.* 769 (76 S. E. 104), to the effect that an unnecessary element of damage would not invalidate the indictment, but would be treated as surplusage. As we have already observed, under the present indictment the vice is that two separate and distinct offenses are joined in the same count, and one of them can not be treated as surplusage. The same comment applies to *Brooks* v. *State*, 47 *Ga. App.* 226 (2) (supra); *Clack* v. *State*, 47 *Ga. App.* 323 (170 S. E. 398), is not in point on the question before us.

The facts in the authorities cited by the State differentiate them from the instant case, and afford no reason why the judgment overruling the demurrers should be affirmed and not reversed. *Judgment reversed. Townsend, J., concurs.*

MacIntyre, P.J., concurs in the judgment of reversal, but not in all that is said in the opinion.