1. There are two offenses set forth in the Code, § 26-2811, and they may not be joined in one and the same count. They may be set forth in the same indictment, under separate counts.
2. The court erred in overruling the demurrers as set forth in division 1 of the opinion.
 DECIDED FEBRUARY 21, 1948.
R. R. Hamby was indicted by the Grand Jury for larceny after trust. There are six counts in the indictment. Since the alleged imperfections in the third, fourth, fifth, and six counts are the same as those in the first and second counts, we will deal with the first and second counts only and the decision rendered as to them will be controlling as to the remaining counts. Count 1 alleges: ". . . on the 28th day of April, 1947, with force and arms, having been then and there entrusted by the Bank of College Park, a corporation, with one 1947 Pontiac Sedanette `8' and one 1946 Ford Super DeLuxe Sedan, all of the value of $2,350.00, and the property of the said Bank of College Park, a corporation, for the purpose of selling the same and paying the proceeds of *Page 550 
such sale to said Bank of College Park, a corporation, did after having been so entrusted wrongfully, fraudulently and feloniously convert the said automobile to his the accused's own use, without the consent of the said corporation and to its injury, and without paying to said corporation the full value and market price thereof on demand, which demand was made."
Count 2, omitting the formal parts, charges: " . . on the 28th day of April, 1947, with force and arms, having been then and there entrusted by Bank of College Park, a corporation, with one 1947 Pontiac Sedanette `8' and one 1946 Ford Super DeLuxe Sedan, all of the value of $2,350, and the property of the Bank of College Park, a corporation, for the purpose of selling the same and paying the proceeds of such sale to said Bank of College Park, a corporation, did after having been so entrusted, and after having sold the said property, wrongfully, fraudulently and feloniously convert the proceeds of said sale to his, the said accused's own use, without the consent of said corporation and to its injury, and without paying to said corporation the full value and market price thereof on demand, which demand was made."
Before pleading to the merits, the defendant filed the following demurrers: "1. He demurs to count 1 because it contains a charge of two separate offenses in the same count, to wit, the offense of converting two automobiles to his own use and the offense of converting the proceeds of the sale of said automobiles to his use without paying to the Bank of College Park the full value and market price thereof on demand, the same being two separate offenses requiring separate counts, in order that defendant may know of what offense he is charged.
"2. He further demurs to said count because, if the indictment charges him with the offense of converting the automobile to his own use, then he would not be required to pay the market value and market price.
"3. He further demurs to said count 1 because, if demand is necessary as to either offense, the date of the demand is not set forth, nor where it was made, which would be necessary to determine what was the full value and market price at the place and time of the demand.
"4. Defendant specially demurs to count 1 because the charge is obscure, indefinite, and confusing as above set out, and the *Page 551 
court can not charge the jury on said count, nor can the jury find a verdict on said count, there being two offenses set forth, of both of which the defendant can not be guilty, and the charges therein being under either 26-2807, 26-2809, 26-2811, or all of said Code sections.
"5. Defendant demurs to said indictment and to counts 1 and 2 thereof because counts 1 and 2 charge the same offense, and confuse Code sections 26-2807, 26-2809, and 26-2811. In the one case of 26-2811 no demand may be necessary, and in the other a demand is necessary, and defendant can not be convicted on both counts, nor can he be convicted on either count, since he is entitled to know the charge which is against him, and the Code section under which the charge is made.
"6. Defendant demurs to count 2 because it does not set forth when the demand was made, nor where, both of which are necessary to determine the full value and market price at said place of demand, and said count confuses sections 26-2807, 26-2809, and 26-2811, and said count is vague, indefinite, and does not put the defendant on notice of the offense with which he is charged and said section 26-2807 of the Code specifying a different punishment."
The judge overruled these demurrers, and on this judgment error is assigned here.
1. The Code sections referred to in the demurrers read: "Any bailee, with whom any money or other thing of value may be intrusted or deposited, who shall, after a sale of any of said articles with the consent of the owner or bailor, fraudulently, and without the consent of the owner or bailor, convert the proceeds or any part thereof to his own use, and fail or refuse to pay the same over to such owner or bailor on demand, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor more than seven years." § 26-2807. "Any person who has been intrusted by another with any money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton, or other produce, or any other article or thing of value, for the purpose of applying the same for the use or benefit *Page 552 
of the owner or person delivering it, who shall fraudulently convert the same to his own use, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years; except that where the money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton, or other produce, or any other article or thing of value, so fraudulently converted does not exceed $50 in value, the punishment shall be as for a misdemeanor." § 26-2809. "Any person who has been intrusted by another with any cotton or other produce, or any goods, animal, or other article of value, for the purpose of selling the same and paying the proceeds of such sale to the owner or other person so intrusting or delivering the article, who shall fraudulently convert the same, or any part thereof, or the proceeds of any part thereof, to his own use, or shall otherwise dispose of the same to the injury and without the consent of the owner or other person so intrusting or delivering it, and without paying to such owner or person the full value or market price thereof, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years." § 26-2811.
The State contends that the indictment was drawn under the Code, § 26-2811. This section contains two distinct offenses. SeeCody v. State, 100 Ga. 105, 107 (28 S.E. 106), where the Supreme Court said: "It is manifest from a careful reading of the section above referred to (4422 of the Code of 1822, which is § 26-2811 of the Code of 1933), that it provides for two distinct offenses. 1. If any of the bailees named with whom any money or other thing shall be intrusted or deposited shall fraudulently convert the same or any part thereof to his own use, the statute is broken. 2. If any of such bailees with whom the property shall be intrusted or deposited shall dispose of the same to the injury of the bailor (otherwise than to fraudulently convert it to his own use) without the consent of the bailor, and without paying to the owner or bailor on demand the full value or market price he has committed an offense against which the statute provides. Each of these acts is made a distinct offense punishable as provided in the section. McCoy v. State, 15 Ga. 205; Soule v.State, 71 Ga. 270." See also Sanders v. State, 86 Ga. 717
(12 S.E. 1058). These decisions were dealing with § 4422 of the *Page 553 
Code of 1822, which is now § 26-2811 of the Code of 1933. In this connection, see also Eubanks v. State, 47 Ga. App. 276 (1) (170 S.E. 322), which holds that there are two distinct offenses embraced in § 194 of the Code of 1910 (Code of 1933, § 26-2811). This court had the same principle, but under a different form, for consideration in McCranie v. State, 51 Ga. App. 192
(179 S.E. 826). In the latter decision this court held: "Movant amends further upon the ground that two counts are charged, or rather there are two offenses charged in one count in the indictment. The indictment charges the offense under section 192 of the Penal Code, and follows with another charge under section 194. No appropriate and timely attack was made upon the indictment, and even if there had been, rulings upon the sufficiency of the pleadings are not proper subject matter for a motion for a new trial." Also, the same principle is dealt with in another decision, Carter v. State, 53 Ga. 326. In that case the indictment alleged that the defendant fraudulently converted melons and the proof showed that he was to sell the melons, and he converted the proceeds. This verdict was set aside. Our Supreme Court in early cases laid down and made clear the principle that distinct offenses can not be joined in the same count (Long v. State, 12 Ga. 293; Gilbert v.State, 65 Ga. 449); and that principle obtains today.Durden v. State, 29 Ga. App. 548 (116 S.E. 41). It will be observed that demand is alleged in every count of the indictment. Code § 26-2811, under which the State contends that the indictment was drawn, does not provide for demand. Section 26-2811 contemplates authority to sell. So also does § 26-2807. Section 26-2807 makes demand necessary. It can therefore be readily seen that the indictment confuses the provisions of the Code, § 26-2811 with § 26-2807, as specifically pointed out in the demurrer. It does not distinctly appear from this confused state of pleading in the indictment under which of the sections, § 26-2807, § 26-2809, or § 26-2811, the indictment is drawn. The demand, as alleged in each count of the indictment, is only required under § 26-2807. Therefore it follows that it is impossible to tell under which section of the Code the indictment is drawn. They contain different penalties. For a bailee to convert property intrusted to him for the use and benefit of the owner is one thing, and to convert the proceeds of property where he has authority to *Page 554 
sell, is quite another and different thing. Under § 26-2807 the penalty, under that phase of conversion, is not less than two nor more than seven years, whereas the other phase of conversion as specified in § 26-2811 carries a penalty of not less than one year nor more than five years in the penitentiary. A very interesting and informative case along the line now under consideration is Keys v. State, 112 Ga. 392 (37 S.E. 762, 81 Am. St. R. 63). Without citing further authority, we are of the opinion that the demurrers, both general and special, should have been sustained, under the decisions of the Supreme Court and of this court, and the court erred in overruling them.
2. We think it appropriate here to deal with the State's contentions and the authorities on which it relies. We will do so briefly. It is contended that this court can direct that the allegations in the counts under question be stripped down to one offense on the principle of surplusage. We do not think so. On this question the Supreme Court in Henderson v. State,113 Ga. 1149 (39 S.E. 446), said: "As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance. If evidence can be offered in support of the allegation, the allegation can not be rejected as surplusage. . . It is still the law of this State that a person accused of crime is entitled to an indictment which is good in matter of form as well as in substance." But the State contends that since the present indictment charges the offense in the conjunctive, this authority is not applicable here. Upon a careful reading of the record in the case at bar, and in view of the decision in the Henderson
case, we do not think this reasoning sound.
Our attention is called to Webb v. State, 177 Ga. 414
(170 S.E. 252), to the effect that several offenses of the same class or species may be joined in different counts of the same indictment. This decision is not applicable here for the reason, already observed, that Code § 26-2811 contains two separate and distinct offenses, and they are here joined in the same count and not in separate counts.
Our attention is also called to Heath v. State, 91 Ga. 126
(16 S.E. 657). This case dealt with adultery and fornication, which *Page 555 
may be committed in two ways, and the case is therefore not applicable here. In Hall v. State, 8 Ga. App. 747
(70 S.E. 211), this court held that, where one offense could be committed in several ways, it is permissible to incorporate the different ways in one count. Brown v. State, 67 Ga. App. 550 (21 S.E.2d 268), and Isom v. State, 71 Ga. App. 803
(32 S.E.2d, 437), are not authority for the State's contention. Neither is there any conflict in what we have held here with the following cases cited by the State, which we are called upon to compare with the case at bar. We have read and compared them but, since counsel for the State does not see fit to call our attention to any distinctive features in the cases cited which are contrary to what we have held in the first division of this opinion, and since we have been able to find no conflicts in reading them, we cite them here without further comment: Dukes
v. State, 52 Ga. App. 200 (182 S.E. 803); Chaffin v.State, 5 Ga. App. 368 (63 S.E. 230); Brandt v. State,71 Ga. App. 221 (30 S.E.2d 652); McCrory v. State, 11 Ga. App. 787
(76 S.E. 163); Minnis v. State, 29 Ga. App. 227
(114 S.E. 587); Hagood v. State, 5 Ga. App. 80 (6) (62 S.E. 641); Lewis v. State, 17 Ga. App. 667 (87 S.E. 1087);Carter v. State, 53 Ga. 326; Brooks v. State, 47 Ga. App. 226
(2) (170 S.E. 406); Price v. State, 76 Ga. App. 283
(45 S.E.2d 462); Johnson v. State, 203 Ga. 147 (45 S.E.2d 616). The State also cites Elsbery v. State, 12 Ga. App. 86
(1) (76 S.E. 779), and Holland v. State, 11 Ga. App. 769
(76 S.E. 104), to the effect that an unnecessary element of damage would not invalidate the indictment, but would be treated as surplusage. As we have already observed, under the present indictment the vice is that two separate and distinct offenses are joined in the same count, and one of them can not be treated as surplusage. The same comment applies to Brooks v.State, 47 Ga. App. 226 (2) (supra); Clack v. State,47 Ga. App. 323 (170 S.E. 398), is not in point on the question before us.
The facts in the authorities cited by the State differentiate them from the instant case, and afford no reason why the judgment overruling the demurrers should be affirmed and not reversed.
Judgment reversed. Townsend, J., concurs.
MacIntyre, P. J., concurs in the judgment of reversal, but not in all that is said in the opinion. *Page 556