39602. FREEMAN v. THE STATE.

FRANKUM, Judge. The grand jury of Crisp County returned an indictment against Cecil Freeman charging him with larceny after trust. The defendant filed a demurrer to the indictment containing one general and several special grounds, which demurrer was overruled. The defendant excepted. *Held:*

1. The indictment was drawn under *Code* § 26-2808, which provides as follows: "Any person employed in any capacity in any store or other place of trade or exchange, where, from the nature of the business or employment, it is necessary or usual to entrust to such person any goods or any other article of value, who shall fraudulently take and carry away, or convert to his own use, or otherwise dispose of any of the said goods or other thing of value thus entrusted to him or committed to his charge, to the injury and without the consent of the owner thereof or person thus entrusting him, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years." Since the indictment is substantially in language contained in this Code section, the court did not err in overruling the general ground of the demurrer. *Code* § 27-701.

2. By the special grounds of his demurrer the defendant contends that the indictment is duplicitous. The defendant relies upon *Hamby v. State,* 76 Ga. App. 549 (46 SE2d 615), to sustain this position. The court held in the *Hamby* case that the statute (*Code* § 26-2811, under which the indictment in that case was drawn) sets forth two distinct criminal offenses, and, since the indictment in that case charged in a single count the two offenses embraced in *Code* § 26-2811, it was subject to demurrer upon the ground of duplicity. Cf. *McCoy v. State,* 15 Ga. 205; *Soule v. State,* 71 Ga. 267. We

have a different situation in the present case. Even if we assume that *Code* § 26-2808 sets forth two separate offenses (which we do not decide), the indictment in the present case charges only one offense, namely, that (omitting other allegations) the accused "did fraudulently take and carry away and convert to his own use" certain described property of Joe M. Herring, etc. The indictment does not charge that the accused did "otherwise dispose of" the property, etc. It has been held that allegations such as in this indictment charge only one offense. *McCoy v. State*, 15 Ga. 205; supra; *Soule v. State*, 71 Ga. 267, supra; *Cody v. State*, 100 Ga. 105 (28 SE 106). The court did not err in overruling the demurrer to the indictment.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED SEPTEMBER 25, 1962.

*Davis & Friedin, Roy B. Friedin,* for plaintiff in error.
*Harry L. Jay, Solicitor General,* contra.