furnished much more than the contract called for, to run the plantation ; that the plaintiff never set up any title to the mules before the suit, and made no demand for them as his own, but tried to buy them from T. J. Bush.

DeLacy & Bishop and A. C. Pate, for plaintiffs in error.

Smith & Clements, *contra*.

## GRANTHAM *v.* THE STATE.

1. The general local option act of September 18th, 1885, applies to all counties except those "where by law the sale of spirituous liquors is already prohibited, either by high license, local option or other legislation, so long as these local laws remain of force." Acts 1884-5, p. 123. Local acts previously existing in Pulaski county which provided that license might be granted upon the written consent of two thirds of the freeholders or actual land-owners living within three miles of the place of sale, and upon complying with certain other requirements, merely regulated but did not prohibit. Acts 1875, p. 330; Acts 1877, p. 339. Consequently that county was not excluded from the provisions of the general act.

2. An indictment which charges disjunctively that the accused sold a quantity of "spirituous, malt or intoxicating liquor," is bad on special demurrer. The cases of *Johnson* v. *The State*, 8 *Ga*. 453, and *Hinton* v. *The State*, 68 *Ga*. 322, are no authority to the contrary, the precise question not being made and determined in either of these cases. See *Sanders* v. *The State*, 86 *Ga*. 717.

March 26, 1892. Argued at the last term.          *Judgment reversed.*

Criminal law. Indictment. Statutes. Liquor. Before Judge Roberts. Pulaski superior court. May term, 1891.

The indictment charged A. P. Grantham "with the offence of misdemeanor, for that the said A. P. Grantham, on the first day of May, 1890, in the county aforesaid, did . . for a valuable consideration directly sell a quantity of spirituous, malt or intoxicating liquor," etc.

To the overruling of his demurrer the defendant excepted. The grounds of demurrer were : (1) The indictment is under the general local option law of September 18, 1885, which law is not and could not be operative and of force in Pulaski county at the time of the alleged offence, for that at the time of the election in that county under the general local option law, said county had a law whereby the sale of spirituous liquors was already prohibited, either by high license, local option or other legislation, to wit, the acts of March 5, 1875, and of February 24, 1877, which local laws were then and are now of force and effect and have never been repealed, making any election in that county under the general local option law null and void. (2) No offence is charged in the indictment. (3) There is no allegation that the sale was by retail, and there is no law requiring license to sell in quantities of a gallon or more. (4) It is not alleged to whom the sale was made, and the indictment is not specific enough to put the defendant on notice as to what he is called upon to defend. (5) There is only one count and two or more offences charged therein. (6) It does not appear which of the liquors, intoxicating, spirituous or malt, defendant sold. (7) It is not alleged what the valuable consideration was, and the defendant is not put on notice of what he is to answer as to this. (8) The indictment does not bring the defendant within the exceptions specified in section 8 of the act of September 18, 1885. (9) The defendant is charged with selling spirituous, malt or intoxicating liquors disjunctively instead of conjunctively.

MARTIN & SMITH, for plaintiff in error.

TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, *contra*.