## HENDERSON v. THE STATE.

An alternative charge in an accusation, that the accused cut and stabbed a named person with a knife, " or some other like instrument," renders the accusation bad on special demurrer. LEWIS, J., dissenting.

Submitted July 15, — Decided July 24, 1901.

Accusation of stabbing. Before Judge Nottingham. City court of Macon. June 18, 1901.

*Marion W. Harris* and *R. Douglas Feagin,* for plaintiff in error. *William Brunson, solicitor-general,* contra.

COBB, J. The accused was arraigned upon an accusation charging him with the offense of stabbing, it being therein alleged that he did "unlawfully, with a knife, or some other like instrument, cut and stab" a named person. To this accusation the accused demurred upon the ground "that the charge is in the alternative," and for this reason the accusation is fatally defective. The demurrer was overruled, and he excepted.

Pleadings which are in the alternative are defective in form, and this defect may be taken advantage of by special demurrer. Shipman's Com. Law. Pl. § 405, p. 266; Stephen, Pl. (Heard) *387 – 8; Wharton, Cr. Pl. & P. (9th ed.) § 161; 10 Enc. Pl. & P. 538. This ancient and well-settled rule of pleading is still of force in this State. *Sanders* v. *State*, 86 *Ga.* 717 (2); *Grantham* v. *State*, 89 *Ga.* 121 (2). Not every alternative statement in an indictment, however, will vitiate it. If the disjunctive can be properly construed to be synonymous with to wit, the alternative allegation will not render the indictment bad; so it was held that an indictment for horse stealing, which charged that the horse stolen was of a "bay or brown" color, would not on account of this alternative statement be held bad, because bay and brown meant the same thing. State *v.* Gilbert, 13 Vt. 647. See also State *v.* Ellis, 4 Mo. 474; *Cobb* v. *State*, 45 *Ga.* 11. If that which follows the disjunctive in the indictment can be properly construed to be merely descriptive of that which precedes it, and not an independent allegation, the alternative statement will not make the indictment fatally defective. State *v.* Hester, 48 Ark. 40. Finally, if the disjunctive and all that follows it can be rejected as surplusage, then the alternative averment will not be ground for quashing the

indictment.    State *v.* Corrigan, 24 Conn. 286; State *v.* Newsom,. 13 W. Va. 859.    The rule seems to be, that if the disjunctive averment need not be supported by proof, or if the proof which is to be admitted thereunder is the same as that which would be admitted under the immediately preceding averment, or something which would be purely explanatory thereof, the insertion of the disjunctive allegation will not render the pleading defective.    When this rule is applied to the indictment involved in the present case, it can be readily seen that the disjunctive is not used in the sense of to wit, because that which follows refers to a different instrument from a knife, although it is true it refers to an instrument of a like nature.    Neither can that which follows the disjunctive be treated as explanatory of the word "knife," because it distinctly appears that the language was not intended to refer to a knife, but to some other instrument of a like character.    Can it be properly rejected as surplusage ?    As we understand the rule, no averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed.    All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance.    If evidence can be offered in support of the allegation, the allegation can not be rejected as surplusage.    If the State failed to prove in this case that the stabbing was done with a knife, why would not evidence be admissible, under the other allegation, that it was done with a razor or dirk,. or any other sharp instrument ?    The charge as to the weapon might have been cumulative, naming various weapons, and the proof of any one would have supported the allegation; but this does not prevent the alternative allegation from being the subject of exception by the accused, if he takes advantage of it at the proper time and in the proper way.

In *Langston* v. *State*, 109 *Ga.* 153, the accused was charged with having seduced a virtuous unmarried female, " by persuasion and promises of marriage, and by other false and fraudulent means." It was ruled that the words, " and by other false and fraudulent. means," could not be treated as surplusage, and that a special demurrer calling for more specific information as to the false and fraudulent means used was well taken.    In that case the accused was charged with seduction, and the words last quoted merely described in general terms the manner in which the offense was committed.

In the present case the accusation charges the offense of stabbing, and the general words, "some other like instrument," likewise describe in general terms the means used. If the general words quoted in the case cited can not be treated as surplusage, we do not see how, on principle, the descriptive words used in the present accusation can be so treated. As these words can be treated neither as surplusage, nor as synonymous with what precedes the disjunctive, the charge in the alternative can not be held to be good as against a special demurrer. The case of Hornsby v. State, 94 Ala. 56 (4), will be found to be exactly in point on the question made in the present case. Very great changes have been wrought in the rules of criminal pleading; but it is still the law of this State, that a person accused of crime is entitled to an indictment which is good in matter of form as well as in substance, if he is fortunate enough, as in the present case, to have an attorney sufficiently well skilled in the rules of pleading to point out by special demurrer the defect in the indictment. The accusation was defective; this defect was one which could be properly taken advantage of by special demurrer; and the judge erred in not quashing the accusation.

*Judgment reversed. All the Justices concurring, except Lewis, J., who dissents.*