## HALEY *v.* THE STATE.

An accusation which charges in the alternative that on a certain day the person accused did "unlawfully play and bet for money or other thing of value, at a game of skin or other game played with cards," is bad as against a special demurrer.

Submitted October 8,—Decided November 13, 1905.

Accusation of gaming. Before Judge Proffitt. City court of Elberton. August 14, 1905.

Haley was tried, in the city court of Elberton, on an accusation which charged him and others with the offense of misdemeanor, for that on a day named they did "with force and arms unlawfully play and bet for money or other thing of value at a game of skin or other game played with cards." The defendant demurred to the indictment because it was in the alternative and did not with sufficient certainty charge the defendant with a single offense. The court overruled the demurrer, but stated in his order that the State should be restricted to proof of the game alleged to be "skin" and also to the proof of betting for money. After conviction the defendant excepted.

*Samuel L. Olive*, for plaintiff in error.

*Thomas J. Brown, solicitor,* contra.

LUMPKIN, J. (After stating the facts.) The accusation employs the alternative form of expression in describing the offense. It charges that the persons accused did play and bet "for money or other thing of value." Where an offense can be committed in more than one way, it is not good pleading to charge it as having been committed in one method or the other, in the alternative. *Sanders* v. *State,* 86 *Ga.* 717; *Grantham* v. *State,* 89 *Ga.* 121; *Langston* v. *State,* 109 *Ga.* 153; *Henderson* v. *State,* 113 *Ga.* 1148; Wharton's Crim. Pl. & Pr. §§ 161-2. As to the employment of the conjunctive or disjunctive form of expression, see *Hubbard* v. *State,* 123 *Ga.* 17. The decision in *Brand* v. *State,* 112 *Ga.* 25, furnishes no authority for the contention on behalf of the State in regard to this ground of the demurrer. In that case the indictment charged that the accused did "play and bet for money and other things of value," conjunctively. It has been held that "The cases of *Johnson* v. *State,* 8 *Ga.* 453, and *Hinton* v. *State,* 68 *Ga.* 322, are no authority to the contrary, the precise question not being made and determined in either of those cases." *Grantham* v. *State,* supra. See also *Oglesby* v. *State,* 123 *Ga.* 506. The accusation was subject to the special demurrer on the ground that it stated the offense in the alternative. The accusation being demurrable, it could not be cured by the statement of the court that he would confine the State to proof to show that the game was "skin" and the thing bet was money.

*Judgment reversed. All the Justices concur.*