## 2882.   HALL v. THE STATE.

1. Where a single penal statute may be violated in one of several ways not repugnant to one another, the accused may, in an indictment containing a single count, be charged with violating the statute in each and all of the several ways prohibited in the statute; and in such cases proof of the commission of any one of the acts by which the statute is violated will support a conviction.

(a) The prohibition act of 1907—Acts 1907, p. 81, Penal Code (1910), § 426 et seq.—relates to a single subject-matter, though it may be violated in a number of ways. It is permissible, therefore, that an indict-

ment should in a single count charge a violation of that act in all of the separate ways mentioned in the act, or in any one or more of the ways.

(b) Such an indictment is to be considered as charging but one violation of the law and as merely varying the details of the violation, and only a single punishment can be imposed as a result of the conviction.

2. In an indictment charging a violation of the State prohibition law, it is not necessary, so far as an alleged sale is concerned, to set out the facts as to the person to whom the liquor was sold, how much of the same was sold, or of what the valuable consideration for which it was sold consisted; and so far as an alleged violation through the accused's keeping it on hand at his place of business is concerned, it is not necessary to describe the place of business, further than to locate it in the county of the prosecution. Where keeping on hand at a public place is charged, the indictment should specify what public place is referred to.

3. When it affirmatively appears that an error has not resulted in injury, no new trial will be granted therefor. In determining whether error has resulted in injury, the court may look to the record as a whole.

4. There was no error in the court's instructing the jury that if the accused kept a public restaurant, consisting of two main eating-rooms and a kitchen connected therewith, and kept intoxicating liquor on hand in the kitchen, he was guilty of violating the State prohibition law.

5. The special request to charge was sufficiently covered by the general charge.

Decided February 7, 1911.

Accusation of sale of liquor; from city court of Douglas—Judge Lankford. July 11, 1910.

*O'Steen & Wallace, Quincey & McDonald,* for plaintiff in error.
*Lawson Kelly, solicitor,* contra.

Powell, J. The indictment charged that the accused, in the county of the prosecution, "did sell and barter, for a valuable consideration, directly and indirectly, and did give away, to induce trade, at his place of business, and did keep and furnish at public places, and manufacture, and did keep on hand at his place of business, alcoholic, spirituous, malt, and intoxicating liquors, intoxicating bitters, and drinks which, if drunk to excess, will produce intoxication." To the indictment the accused filed a number of demurrers. We will not set them out in detail, but will discuss topically the points raised by them. The demurrer presents the proposition that it is not permissible for the State to prosecute through an indictment charging in a single count the sale of intoxicating liquors, the keeping on hand of intoxicating liquors at a public place, the keeping on hand of intoxicating liquors at a place

of business, and the manufacture of intoxicating liquors.    In
the case of *Tooke* v. *State, 4 Ga. App.* 495, 502 (61 S. E. 917), we
had before us an indictment in which these various forms of viola-
ting the State prohibition law were set out in separate counts.    We
pointed out there somewhat at length the difference that existed
where an indictment containing several counts is intended to charge
several distinct though congruous acts, and where it is intended to
charge only one act, but to charge it in several ways, so as to cover
all variations in the proof.    The proposition there presented is
cognate to, but not identical with, the one here presented.    We have
here an indictment containing a single count and setting forth a
number of distinct acts by which a single law was violated.    We
understand the rule to be that where a criminal statute dealing with
a single subject-matter (and, of course, all statutes in this State
must relate to a single subject-matter to be constitutional) pre-
scribes a number of separate ways by which it may be violated, and
thus creates a number of separate but congruous offenses, it is per-
missible that an indictment should in a single count charge the
violation of the statute in all or any number of the ways mentioned
therein, provided that the several ways so charged are not repug-
nant.    Such an indictment will be construed as charging but one
offense.    It is equivalent to the prosecution saying, "We are going
to ask a conviction for only one transaction; we are not able to
specify with safety in advance the exact method in which we shall
prove that the law was violated, but we will prove that it was
violated in one of the ways mentioned in the indictment."    For
example, in the case of *Cody* v. *State,* 118 *Ga.* 784 (45 S. E. 622),
it was held that § 453 of the Penal Code of 1895, relating to vag-
rancy, charged only a single offense, although that offense may be
committed in a number of ways, and that, therefore, it was permis-
sible, in a single count of an indictment, to charge the defendant
with having committed a violation of that law in all the different
ways set out in the statute, so far as they were not repugnant to
each other.    Upon an indictment so drawn only a single punish-
ment can be imposed.    The effect of the crime's being thus charged
is for the prosecution to admit that it can prove only a single vio-
lation; and while the State's counsel may introduce evidence tend-
ing to show a violation in more than one of the ways alleged, and
rely on proof as to either of them to gain or sustain a conviction, he

will be estopped from asserting (except from this somewhat theoretical standpoint) that the violation has occurred in all of the ways. On the other hand, it is permissible, as we pointed out in *Tooke's* case, for the prosecution to charge the accused in the same indictment with a violation of more than one of these offenses created by the prohibition law and to charge them as distinct and separate offenses, by setting them forth in separate counts. And in that event, if the defendant is found guilty upon more than one count, cumulative sentences may be imposed, just as if separate indictments had been returned for the separate offenses involved. If what is here held be read in connection with what is held on the same general subject in *Tooke's* case, it will be seen that as to violations of the State prohibition law of 1907, the following is the rule as to the form and effect of indictments: (1) The State may in a single count charge the accused with violating that statute in all of the ways set out in the statute, and a general verdict of guilty may be sustained upon proof of a violation of the law in any one or more of the ways prescribed, but the verdict will be construed as convicting the accused of only a single offense, for which only a single punishment can be imposed. (2) The State may prosecute under an indictment containing several counts charging a violation of any one of these provisions, viewed as distinct offenses, but varying in the details of the commission, and in that event, if it appears that but a single transaction is referred to, and that the several counts are introduced merely for the purpose of varying the details, a general verdict of guilty may be sustained as finding the defendant guilty of only a single offense, and only a single punishment can be imposed. (3) The State may prosecute under an indictment setting out in a number of separate counts violations of the various provisions of the prohibition law as distinct offenses. In that event a general verdict of guilty will be construed as meaning guilty of all the offenses set out in all the counts, and can not be sustained unless the evidence is sufficient to support all the counts separately considered. But if the conviction is sustainable, the trial judge may impose sentences upon each and every count, just as if it were a separate indictment. Under such an indictment the jury may acquit on some of the counts and convict on others.

2, 3. Special demurrers raised the question as to the sufficiency, from the standpoint of particularity, with which the indictment

charged these various ways in which it was alleged that the accused had violated the prohibition law. As to the point upon the sufficiency of the allegation that the accused did "sell and barter for a valuable consideration, directly and indirectly, . . alcoholic, spirituous, malt, and intoxicating liquors, intoxicating bitters, and drinks which, if drunk to excess, will produce intoxication," we have said enough in our opinion which was rendered on January 31 in *Brown* v. *State,* ante, 691.

We would do violence to the precedents to hold that the allegation that the defendant "kept on hand at his place of business" intoxicating liquors of the kind just mentioned would not be sufficient. The charge of manufacturing liquor also stands in this respect upon the same footing as the charge of selling.

As to the keeping on hand at public places, we do not think that such a general charge is sufficient. The particular public place should be specified. This is in consonance with the precedents in cases of prosecutions for carrying liquor to churches, for violations of other statutes intended to protect the peace and sanctity of places of worship, for carrying weapons to courts of justice, and for a large number of other offenses in which the character of the place is an essential of the crime. We have no inclination to diminish the scope of these precedents in so far as they require definiteness in alleging the particular place involved. In this case the court committed error, in our judgment, in holding the indictment sufficient as against special demurrer raising the point that the public place at which it is alleged that the defendant kept intoxicating liquors is not specified. However, it appears that upon the trial there was not the slightest contention that the defendant had kept intoxicating liquors at any public place; and no evidence on this subject was introduced. At the trial the only two features of the indictment as to which any evidence was introduced were the one charging the selling and the other charging the keeping on hand at the defendant's place of business. Under these circumstances, we see no possibility by which the erroneous ruling of the court could have resulted in other than mere theoretical prejudice to the defendant. There may be physical precedents upon which we might base a ruling that an erroneous decision by the trial judge as to demurrers to the initial pleadings so vitiates the whole trial as to relieve the reviewing court of the necessity of looking further into

the record when such an error is discovered. On the other hand, the decisions in this State have thoroughly committed this court and the Supreme Court to the proposition that reversals are not to be granted for error without injury. There are some errors from which injury will be presumed. An erroneous action upon demurrer should be one of them; and it is. But we conceive it to be the duty of the court in all cases to look to the whole record to see whether the presumption of injury is not overcome; and when, as in the present case, we see that the error went only to a feature of the case which in the subsequent progress was entirely eliminated, where it related to a matter which could in no wise have affected the verdict, it is our duty to decline to grant a new trial; for the presumption of injury is affirmatively overcome. This doctrine of no reversal for harmless·error is one that is capable of great abuse, as well as of very just and advantageous use, by reviewing courts. We do not go to the length to which some courts go, and say, merely because we do not see plainly that injury has resulted, that we will treat the error as harmless. If the natural result of the error is to prejudice the defendant's material rights in the case, it is fair to presume injury; but in a case such as the one before us, where it is perfectly palpable that injury did·not result, we are not afraid of abusing the doctrine by applying it.

4. The court charged the jury that if the defendant was the proprietor of a restaurant containing two eating-rooms and a kitchen connected therewith, and kept intoxicating liquor in the kitchen, this would be a violation of the law. The point made is that the court should have left to the jury the question as to whether the kitchen was a part of the defendant's place of business. It was for the jury to say whether the kitchen in which the liquor was found was connected with the defendant's restaurant; and this prerogative of the jury the court in no wise violated. But on the other hand, as this court held in *Jenkins* v. *State,* 4 *Ga. App.* 859 (62 S. E. 574), "the definition of what is a place of business is a matter of law, for the determination of the court; the finding as to whether any particular place falls within the definition is a matter of fact, for the determination of the jury, except in those cases where the facts necessary to constitute the particular place of business are conceded to exist." See also *Bashinski* v. *State,* 5 *Ga. App.* 3, 5 (62 S. E. 577).

5. Exception is taken to the failure of the court to give in charge to the jury certain instructions requested in writing. It appears from the copy of the charge contained in the record that the principles requested were given in charge to the jury. The defendant appears to be guilty, and we see no reason for reversing the judgment. *Judgment affirmed.*