24065. STATHAM *v.* THE STATE.

Decided November 23, 1934.

*Joseph D. Lewis, Swift Tyler,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, I. Leonard Crawford,* contra.

Guerry, J. ■ The defendant was tried in the criminal court of Atlanta. After his conviction he presented to the superior court his petition for certiorari, and the case comes to this court upon the assignment of error that the judge of the superior court erred in overruling his petition for certiorari.

The petition for certiorari sets forth the accusation and the fact that a demurrer was interposed to the same, a copy of the demurrer being attached to the petition as an exhibit. There was also attached the order of the judge of the criminal court overruling the demurrer, and a copy of the exceptions pendente lite to this ruling.

166

The petition then sets out what occurred, by attaching a brief of evidence and the finding of the judge who tried the case without a jury. In one paragraph the petitioner complains of the verdict and sentence, and sets out as a reason therefor the general ground, and then, after having given a full statement of all that occurred on the trial, including the overruling of the demurrer and the finding of the verdict of guilty, he makes in a separate paragraph the following assignment of error: "To all of which rulings and findings by the judge and the court in the trial of said case, your petitioner then and there excepted, and now excepts to the same, and assigns error on and [?] all of the grounds as set out in this his petition for the grant of the writ of certiorari." The sufficiency of this assignment of error, with reference to the ruling of the court on the demurrer, is attacked in the dissenting opinion filed with this opinion. To the minds of a majority of this court, this is a sufficiently specific assignment of error. The demurrer was specific in pointing out the defects in the accusation. The order of the court thereon was set out. Inasmuch as the petition for certiorari was tendered within thirty days from the passing of the order, there was no necessity for exceptions pendente lite, but they too were incorporated in the petition for certiorari. The evidence was set out and the verdict thereon and the reasons assigned as to why the verdict was error. The order overruling the demurrer was a ruling by the court and the verdict by the judge was a finding of fact by the court. The assignment of error complains of the *rulings and findings* of the court and assigns error on "all of the grounds as set out in this his petition for the grant of the writ of certiorari." It is true that unless there was an assignment of error in the petition for certiorari, such a defect would not be cured by an assignment in the bill of exceptions, but in our minds, even under a strict construction of the requirement that a petition for certiorari "shall plainly and distinctly set forth the errors complained of," this assignment is sufficient. Civil Code (1910), § 5183. Section 6183 of the Civil Code provides that "It shall be unlawful for the Supreme Court of Georgia to dismiss any case for any want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or transcript of the record presented, or both together, to enable the court to ascertain substantially the real

questions in the case which the parties seek to have decided therein." This section is applicable to practice in the Court of Appeals. *Central &c. R. Co.* v. *Jones,* 28 *Ga. App.* 258 (110 S. E. 914). The purpose of this section is to save time, expense and embarrassment necessarily incident to dismissal or technical grounds. It is in accord with the modern development of the law and is the result of an effort to get away from the mass of form and verbiage with which the common law in its procedural side had become infested. Where the point in an assignment of error is clearly apparent, it is the duty of this court to decide the questions presented. Not that it is in point on the question here being discussed, but as an illustration of the tendency of modern jurisprudence, we call attention to the provisions of U. S. C. A. § 861. as follows: "No court having power to review a judgment or decree of another shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out; where such error occurs the same shall be disregarded and the court shall proceed as if in that regard its power to review were properly invoked." Without invoking any rules, but applying those already established, we are of the opinion that the assignment of error in the petition for certiorari in the case at bar was sufficiently clear, definite, and specific to warrant our consideration of the same.

■ While it is true in this State, by statute, that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may be easily understood by the jury" (Penal Code, § 954), it has been held that "this section was not intended to dispense with the substance of good pleading, nor to deny one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged." *O'Brien* v. *State,* 109 *Ga.* 51 (35 S. E. 112). Section 398 of the Penal Code provides: "No person, by himself or another, shall keep, maintain, employ or carry on any lottery in this State, or other scheme or device for the hazarding of any money or valuable thing." And while it has been held that "an indictment which charged that the accused

'did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money or other valuable thing, said scheme and device being called and known as a nickel in the slot machine,' was legally sufficient without specifying the *manner* (italics ours) in which the machine was operated" (*Kolshorn* v. *State,* 97 *Ga.* 343, 23 S. E. 829), yet an accusation which charges (as does the one in the case at bar) that the defendant "did keep, maintain and operate a lottery, known as the number game *or* (italics ours) other device or scheme for the hazarding of money or other valuable things," thereby describing the offense in more than one way by the use of the disjunctive form of expression, and such disjunctive form not being equivalent here to "to wit," or that which follows such disjunctive form not being merely descriptive of that which precedes it, is bad on special demurrer (*Oglesley* v. *State,* 123 *Ga.* 506, 51 S. E. 505; *Haley* v. *State,* 124 *Ga.* 216, 52 S. E. 159; *Sanders* v. *State,* 86 *Ga.* 717, 12 S. E. 1058; *Henderson* v. *State,* 113 *Ga.* 1148, 39 S. E. 446; *Hubbard* v. *State,* 123 *Ga.* 17, 51 S. E. 11), such disjunctive form rendering uncertain that which might have been sufficiently certain. The defendant having the right to know just what he is called upon to defend and, as above pointed out, this not having been done, the special demurrer should have been sustained. All subsequent proceedings were therefore nugatory.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The majority of this court have reversed the judgment solely upon the ground that the trial court erred in overruling a certain special demurrer to the accusation. The accused was tried and convicted in the criminal court of Atlanta, and obtained the writ of certiorari from the superior court of Fulton county. Upon the hearing of the certiorari it was overruled. The *bill of exceptions,* complaining of that judgment, contains a specific assignment of error upon the judgment of the trial court overruling the special demurrer to the accusation, but there is no definite, specific, or sufficient assignment of error on that judgment *in the petition for certiorari.* The assignment of error was improperly made in the bill of exceptions; it should have been made in the petition for certiorari. Section 5183 of the Civil Code (1910) requires that assignments of error shall be "plainly and distinctly

set forth" in the petition for certiorari, and in the petition for certiorari in this case no assignment of error on the overruling of the special demurrer to the accusation is plainly and distinctly set forth. It follows, under numerous and repeated rulings of the Supreme Court and of this court, that the judgment of the trial court overruling the demurrer is not properly before this court for review.