### 24054. Redd v. The State.

Guerry, J. This case is controlled by the decision in *Statham* v. *State*, 50 *Ga. App.* 165 (177 S. E. 522) this day decided.

*Judgment reversed.* *MacIntyre, J., concurs.* *Broyles, C. J., dissents.*

Decided November 23, 1934.

*Joseph D. Lewis, Swift Tyler Jr.,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, I. Leonard Crawford,* contra.

Broyles, C. J., dissenting. The majority of this court have reversed the judgment solely upon the ground that the trial court erred in overruling a certain special demurrer to the accusation. The accused was tried and convicted in the criminal court of Atlanta, and obtained the writ of certiorari from the superior court of Fulton county. Upon the hearing of the certiorari it was overruled. The *bill of exceptions,* complaining of that judgment, contains a specific assignment of error upon the judgment of the trial court overruling the special demurrer to the accusation, but there is no definite, specific or sufficient assignment of error on that judgment *in the petition for certiorari.* The assignment of error was improperly made in the bill of exceptions, it should have been made in the petition for certiorari. Section 5183 of the Civil Code of 1910 requires that assignments of error shall be "plainly and distinctly set forth" in petitions for certiorari, and in the petition for certiorari in this case no assignment of error on the overruling of the special demurrer to the accusation is plainly and distinctly set forth. It follows, under numerous and repeated rulings of the Supreme Court and of this court, that the judgment of the trial court overruling the demurrer is not properly before this court for review.