### 27027.   CHAPPELL *v.* THE STATE.

DECIDED OCTOBER 1, 1938.

*Joel B. Mallett,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

BROYLES, C. J.   The public drunkenness punishable by the provisions of the Code, § 58-608, must, by the express terms of the section, "be made manifest by boisterousness, or by indecent condition or acting, or by vulgar, profane or unbecoming language, or loud and violent discourse of the person or persons so intoxi-

cated." The indictment in this case charged that the intoxication of the accused "was made manifest by boisterousness, and by indecent condition and acting, and by vulgar, profane and unbecoming language, and by loud and violent discourse, *and by fighting and by quarreling.*" (Italics ours.) The following special demurrer to the indictment was interposed and overruled: "This defendant demurs specially to the allegation contained in said indictment as follows, to wit: 'and by fighting and quarrelling,' upon the ground that Code section 58-608, under which said indictment was returned, and upon which the indictment is based, does not specify 'fighting and quarrelling' as a manner in which the drunkenness set out in said Code section must be made manifest to constitute a crime under said provision of law; that said language of the indictment illegally enlarges the statute so as to include transactions which are not made criminal by the act incorporated in said Code section; that the indictment in its language legislates rather than follows or sets out legislation already enacted; that said language 'and by fighting and quarrelling' should have been omitted from the allegations of the indictment, or should now be stricken therefrom; and, upon said allegation not being stricken therefrom, this defendant prays that said indictment be quashed." It is well settled that in a case of this kind the defendant can be convicted if his intoxication is made manifest in any one of the ways set out in the Code section; and that he can not be legally convicted unless his drunkenness "is manifested in the manner specifically pointed out by the section of the Code." *Howell* v. *State,* 13 *Ga. App.* 74, 77 (78 S. E. 859) ; *Ramey* v. *State,* 40 *Ga. App.* 658 (151 S. E. 55), and cit. This court, of course, in passing on a demurrer to an indictment, can consider only the indictment and the demurrer. We can not refer to the brief of the evidence, the charge of the court, or any other part of the record. Nor can we know whether the jury found that the defendant's intoxication was manifested in one or more of the ways specifically pointed out by the Code section, or whether they found that it was manifested in a manner not so pointed out, to wit: "by fighting and quarrelling." In our opinion, the indictment was subject to the special demurrer and the court erred in overruling that demurrer.

*Judgment reversed. Guerry, J., concurs.*

MacIntyre, J., concurring specially. I concur in the judgment, but think that, after a verdict has been rendered, there are some exceptions to the rule stated in the majority opinion that in passing on a demurrer to an indictment this court can not refer to the brief of the evidence. See *Hall* v. *State,* 8 *Ga. App.* 747, 752 (70 S. E. 211).