29947. SCOTT, administratrix, *v.* HOLDEN, executor.

DECIDED JULY 3, 1943.

*J. A. Mitchell,* for plaintiff in error.
*Frank A. Holden, Hawes Cloud,* contra.

BROYLES, C. J. Frank A. Holden, as executor of the will of John F. Holden, deceased, sued Eddie Scott to recover the balance, principal and interest, due on an unconditional, sealed, negotiable promissory note dated March 29, 1921, for $2000 principal, with

interest from date at 8 per cent. per annum, payable to the order of John F. Holden, and signed by Scott. The first sentence of the note recites that it was given "for value received," and the body of the note concludes with this isolated phrase, in the form of a complete sentence: "Purchase money note for land." The following credits, aggregating $663.51, appear on the note: "November 1, 1922, $113.51; May 26, 1924, $500; June 20, 1925, $50." The first three paragraphs of Scott's answer merely denied seriatim the corresponding paragraphs of the petition, and paragraph four of his answer was as follows: "Defendant for further plea and answer says that said note is a nudum pactum agreement. That while the note sued upon represents that the consideration of the same is land, this defendant avers that he . . owed said John F. Holden nothing for any land nor did he enter into any contract with said Holden for the purchase of any land. That there is absolutely no consideration for the same." The plaintiff demurred generally and specially to said answer. Paragraph four of the demurrer is as follows: "4. Petitioner demurs generally and specially to paragraph 4 of the defendant's answer for the reason that the same is vague and indefinite and a conclusion of the pleader and for these reasons should be stricken. Also for the reason that said answer seeks to vary the terms of a written contract." The judgment sustaining the demurrer is as follows: "Paragraph 4 of the within special demurrer is hereby sustained and paragraph 4 of the defendant's answer therein referred to is hereby stricken, defendant having stated that he would not amend said answer." Before the case was tried Scott died and his administratrix, Mrs. Irene Scott, was made party defendant in his stead. The case proceeded to a verdict and judgment in favor of the plaintiff for the full amount of principal and interest sought to be recovered. The defendant excepted pendente lite to the adverse ruling on the demurrer, and also excepted to the judgment overruling the motion for a new trial based on the general grounds and on one special ground.

Assuming (but not deciding) that the court erred in sustaining paragraph 4 of the demurrer to paragraph 4 of the answer, the error was harmless to the complaining party. "It is well settled that the erroneous overruling of a special demurrer is not harmful error where it affirmatively appears from the evidence in the case

that the error did not result in injury to the party interposing the demurrer, and 'In determining whether error has resulted in injury, the court may look to the record as a whole.'" *Coffee County* v. *Denton, 64 Ga. App.* 368, 372 (13 S. E. 2d, 209). In that case, *Hall* v. *State, 8 Ga. App.* 747 (3), 750-752 (70 S. E. 211), is cited to sustain this ruling. To the same effect is *Brown* v. *State, 67 Ga. App.* 550, 553 (21 S. E. 2d, 268). There is, of course, no reason, either in logic or law, why the above principle should not be applied to a case where, as in the instant case, error is alleged on the sustaining of a special demurrer to a paragraph of an answer. The only other evidence in the record, aside from the note itself, that bears directly on the consideration of the note is a bond for title in the sum of $2000, in which John F. Holden is the obligor and Eddie Scott is the obligee. This instrument bears the same date as the note and recites: "The condition of the above obligation is such, That whereas the said obligee has this day made and delivered to the said obligor his certain promissory note for the sum of two thousand dollars, to become due as follows: Nov 1, 1921, with interest from date." The bond for title further provides that "should the said obligee well and truly pay said promissory note, then the said obligor binds himself to make or cause to be made to the said obligee, or his assigns, good and sufficient titles. in fee simple, to all" of a described tract of land containing 151 acres, "which, if the said Jno. F. Holden should do, then this bond to be null and void; else to remain in full force and virtue." This bond for title shows clearly that there was a consideration for the note declared upon, and that this consideration was land. Therefore, under the decisions above cited, a reference to the brief of evidence discloses that even if the court erred in sustaining the demurrer to the plea the error was harmless and no cause for a reversal of the judgment.

■ We come next to consider the only other question that the record presents for our consideration. In the motion for new trial, after setting out the verdict and judgment in the case, "movant contends that the said verdict and judgment are contrary to law and contrary to the evidence, because said verdict and judgment adjudicate that the said administratrix was liable for such amounts expressed in said verdict and judgment, in personam. That according to the undisputed evidence, no property whatever came

into her hands as such administratrix. That the evidence demanded a finding that no property came into her hands as such administratrix. That the legal meaning and effect of said judgment is to bind the said movant, individually for such amounts." The verdict was "against the defendant Irene Scott, as administrator upon the estate of Eddie Scott," for the full sum sought to be recovered, and stipulated that it was "to be levied of the goods and chattels, lands and tenements, which were of said Eddie Scott, deceased, now in the hands of said Irene Scott, as such administrator of said deceased, or that may hereafter come into her hands as said administrator of said estate." The judgment contained substantially the identical language just quoted. We can not conceive how it could be concluded "that the legal meaning and effect of said judgment is to bind the said movant individually for such amounts," for even if it should be granted, as contended by counsel for plaintiff in error, that "the undisputed evidence" showed that "no property came into her hands as such administratrix," the plain wording of both the verdict and judgment clearly shows that any levy was to be made on property that was, or should come, into "the hands of Irene Scott as said administratrix." We therefore hold that there is no merit in the contention of plaintiff in error that the verdict and judgment adjudicated that "the said administratrix was liable in personam."

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*