## 30509. ISOM *v*. THE STATE.

DECIDED NOVEMBER 3, 1944. REHEARING DENIED DECEMBER 11, 1944.

A. S. *Skelton*, for plaintiff in error.

*R. Howard Gordon*, solicitor-general, *John B. Morris*, contra.

MACINTYRE, J. The Code, § 27-701, "was not intended to dispense with the substance of good pleading, nor to deny to one

accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial, nor to deprive him of the right to have an indictment perfect as to the essential elements of the crime charged." *O'Brien* v. *State,* 109 *Ga.* 51, 53 (35 S. E. 112). The rule is well settled in this State that an indictment must not state any essential of the offense in the alternative, for pleadings which are in the alternative are defective in form, and this defect must be taken advantage of by special demurrer. Neither can a defective indictment, which has been attacked by special demurrer, be helped out by the evidence at the trial, nor aided by argument and inference. A defendant is entitled to an indictment good both in form and in substance, and if the defendant is denied this legal right he has been injured, for an indictment not good both in form and in substance is ineffectual, when attacked in the manner prescribed by law. It is not a matter of ultimate innocence or guilt, but it is a matter of giving to one accused of crime that which he is legally entitled to—a valid, legal indictment. In the instant case, the defendant, in filing his special demurrer, was following the only method, under our procedure, by which he could attack an indictment that was bad in form. And if the special demurrer is good, as it is in the instant case, the indictment should be quashed. "An alternative charge in an accusation [indictment], that the accused cut and stabbed a named person with a knife, 'or some other like instrument,' renders the accusation [indictment] bad on special demurrer." (Brackets ours.) *Henderson* v. *State,* 113 *Ga.* 1148 (39 S. E. 446). See also *Statham* v. *State,* 50 *Ga. App.* 165, 168 (177 S. E. 522). Thus the indictment, by using language that the defendant, "with a pocket-knife or other sharp instrument, . . did, unlawfully and with malice aforethought, cut and stab" a named person, was defective, for it charged in the alternative.

The State contends that if there was error, it was harmless, and for that reason the case should be affirmed. This court is bound by an opinion of the Supreme Court even though it is not unanimous, and the ruling in the case of *Henderson* v. *State,* supra, with one judge dissenting, is absolutely controlling on the point that the overruling of the special demurrer was error. The principle of law ruled in the *Henderson* case seems to be supported by rulings in similar cases in the other States and by text writers. As to whether

the overruling of the demurrer was reversible error, the Supreme Court, in *Haley* v. *State,* 124 *Ga.* 216, 217 (52 S. E. 159), wherein one Haley was tried "in the city court of Elberton on an accusation which charged him and others with the offense of a misdemeanor, for that on a day named they did 'with force and arms unlawfully play and bet for money or other thing of value at a game of skin or other game played with cards,'" said: "The accusation was subject to the special demurrer on the ground that it stated the offense in the alternative. The accusation being demurrable, it could not be cured by the statement of the court that he would confine the State to proof to show that the game was 'skin' and the thing bet was money." It will be noted that the *Haley* case proceeded to a verdict against the accused, and even though the court confined the State to evidence showing that the offense was committed by only *one* of the alternative methods charged in the accusation, yet the Supreme Court said that it was reversible error. It might be further noted that the *Haley* case cites the *Henderson* case.

The rules for determining whether the allegations of the indictment are sufficient to withstand a special demurrer are different from those which govern in determining whether the proof supports the allegations of a good indictment. In the former instance the rule is "that a demurrer raising special objections to an indictment should be strictly construed against the pleader [the State];" whereas, in the latter instance, in dealing with a question of evidence, latitude is allowed for drawing inferences and deductions from the evidence to support the State's case. *Green* v. *State,* 109 *Ga.* 536, 540 (35 S. E. 97) ; *Hadaway* v. *Southern Ry. Co.,* 41 *Ga. App.* 669, 670 (154 S. E. 296) ; *Watson* v. *State,* 21 *Ga. App.* 637, 640 (94 S. E. 857). In the latter line of cases, where the indictment or accusation properly charges the commission of the crime in the conjunctive, or properly charges a single method of committing a crime, which hold that, where the proof shows that the instrument used to inflict the wound and that proved are substantially of the same character and capable of inflicting practically the same nature of injury, there is no variance. The question in these cases is whether the nature and character of the injury and the manner and means of inflicting it is proved practically and substantially, though not identically, to be the same as those

alleged. This line of cases is not applicable to the *Henderson* and the *Haley* cases, where the indictment was held to be bad, in that the disjunctive method of expression was employed, and thus the latter line of cases is not authority contrary to the *Henderson* and the *Haley* cases. *Sanders* v. *State,* 86 *Ga.* 717, 721 (2) (12 S. E. 1058); *Grantham* v. *State,* 89 *Ga.* 121 (14 S. E. 892).

The *Henderson* case and the *Haley* case, both decided by the Supreme Court, are controlling in the instant case, and the judge erred in overruling the special demurrer.

*Judgment reversed. Gardner, J., concurs.*

BROYLES, C. J., dissenting. The indictment, in charging the defendant with the offense of assault with intent to murder, stated that he, "with a certain pocketknife or other sharp instrument, the same being a weapon likely to produce death," did unlawfully cut, stab, and wound Waco Sanders, with the intent to kill and murder him. The defendant filed a special demurrer alleging that, since the indictment charged the assault was made "with a certain pocketknife or other sharp instrument," the charge was in the alternative, and the indictment was fatally defective. The demurrer was overruled, and that judgment was excepted to. The case then proceeded to a verdict and judgment of stabbing. A motion for a new trial, embracing the general grounds only, was denied and that judgment is assigned as error.

Assuming that the overruling of the demurrer was error, I think that, under numerous decisions of the Supreme Court and this court, the error was harmless and does not require another trial. It is well settled that the erroneous overruling of a special demurrer is not harmful error where it affirmatively appears from the evidence in the case that the error did not result in injury to the party interposing the demurrer; and in determining whether the error has resulted in injury, the court may look to the record as a whole. *Hall* v. *State,* 8 *Ga. App.* 747, 752 (70 S. E. 211); *Coffee County* v. *Denton,* 64 *Ga. App.* 368, 372 (13 S. E. 2d, 209); *Brown* v. *State,* 67 *Ga. App.* 550, 553 (21 S. E. 2d, 268); *Scott* v. *Holden,* 69 *Ga. App.* 615, 617 (26 S. E. 2d, 456).

In *Atlanta Coach Company* v. *Cobb,* 178 *Ga.* 544, 551 (174 S. E. 131), the Supreme Court said: "This court has several times stated that in order to reverse a judgment both error and injury must affirmatively appear." And the court in that connection

cited with approval the decision of this court in the *Hall* case, supra. It is true that in *Chappell* v. *State,* 58 *Ga. App.* 450 (198 S. E. 791), it was stated: "This court . . in passing on a demurrer to an indictment can consider only the indictment and the demurrer. We can not refer to the brief of the evidence, the charge of the court, or any other part of the record." However, in that case, MacIntyre, J., said: "I concur in the judgment, but think that, after a verdict has been rendered, there are some exceptions to the rule stated in the majority opinion that in passing on a demurrer to an indictment this court can not refer to the brief of the evidence. See *Hall* v. *State,* 8 *Ga. App.* 747, 752 (70 S. E. 211)." Judge MacIntyre was right; and, thereafter, this court, in *Coffee County* v. *Denton,* supra, held that if there were any conflict between the ruling in the *Hall* case and that in the *Chappell* case, the ruling in the older *Hall* case must be followed. On the trial in the instant case, the undisputed evidence (not even contradicted by the defendant in his statement to the jury) showed that a knife, and a knife only, was the instrument used by the defendant in his assault upon the person named in the indictment. It thus clearly appears that the overruling of the special demurrer was not injurious to the cause of the defendant. Moreover, the evidence amply authorized, if it did not demand, the verdict returned, and the motion for a new trial contained the general grounds only. The grant of a new trial in this case could not legally result in any other verdict than that rendered by the jury and would be a vain gesture. *Henderson* v. *State,* 113 *Ga.* 1148, supra, is distinguished from the above-cited cases in that it does not appear in the *Henderson* case that, subsequent to the overruling of the demurrer to the accusation, the case proceeded to a verdict against the accused. Moreover, in that case, Lewis, J., dissented. In my opinion the judgment should be affirmed.

ON MOTION FOR REHEARING.

MACINTYRE, J. As a matter of right the defendant is entitled to be tried upon an indictment which does not charge the crime in the alternative. This indictment was defective in that it did charge a crime in the alternative. And "as the indictment should have been quashed on demurrer, all proceedings had thereon after overruling the demurrer were *necessarily* erroneous." (Italics ours.) *Johnson* v. *State,* 90 *Ga.* 441, 442 (2) (16 S. E. 92).

"Nor can a defective. indictment. be helped out by evidence at the. trial, nor be aided by argument and inference." *O'Brien* v. *State,* 109 *Ga.* 51, 52, supra. The overruling of the demurrer to the indictment, which charged the crime in the alternative, was necessarily harmful. This motion having been considered, a rehearing is. *Denied. Broyles, C. J., and Gardner, J., concur.*