25833.   YOUNG v. THE STATE.

SUBMITTED JUNE 9, 1970—DECIDED JULY 9, 1970.

William W. Daniel, for appellant.

Lewis R. Slaton, District Attorney, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Dorothy T. Beasley, Assistant Attorneys General, for appellee.

MOBLEY, Presiding Justice. Jerome Young was convicted of robbery by the use of an offensive weapon and given a sentence of life imprisonment. His motion for new trial, as amended, was denied. He appealed from the judgment of conviction and sentence, and enumerated as error the denial of his motion for new trial, as amended, the overruling of his general and special demurrers to the indictment, the overruling of several grounds of his motion for new trial, and the failure to give a requested charge.

■ The general and special demurrers to the indictment were based on the same contentions. The first contention is that the indictment is vague and indefinite because it is not clear whether the defendant is charged with robbery by the use of a pistol, or with robbery by the use of "an article, replica and device having the appearance of a pistol."

Counsel for the defendant relies on the case of *Isom v. State*, 71 Ga. App. 803 (32 SE2d 437), in which the Court of Appeals held that an alternative charge as to the instrument used by the accused made an indictment charging him with assault with intent to murder subject to special demurrer.

The present indictment charged the defendant with committing the robbery with a pistol, and with a replica of a pistol, conjunctively, and not disjunctively, and the rule in the *Isom* case, supra, is not applicable here.

In *Henderson v. State*, 113 Ga. 1148 (39 SE 446), where an alternative charge in an accusation was held to be subject to special demurrer, this court stated (p. 1149): "The charge as to the weapon might have been cumulative, naming various weapons, and the proof of any one would have supported the allegation; . . ." In 42 CJS 984, Indictments and Informations, § 101, it is stated: "As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative; the proper way is to connect the various allegations in the accusing pleading with the conjunctive term 'and' and not with the word 'or.'"

The indictment in the present case charged the defendant with committing robbery in two ways specified by the statute in existence at the time of the commission of the crime, and it is not

subject to special demurrer on the ground of being vague and indefinite.

■ The second ground of demurrer to the indictment is that it fails to charge the defendant with the crime of robbery in that it is not alleged that the money was taken without the consent of the owner, Regal Enterprises, Inc. The indictment charged that the defendant took from the person of Shed Harris, "without his consent and with intent to steal the same, . . . money of the value of $2,699 and the property of Regal Enterprises, Inc. . ."

"In an indictment for robbery, ownership of the property taken may be laid in the person having actual lawful possession of it, although he may be holding it merely as the agent of another, and it is not necessary to set forth in the indictment the fact that the person in whom the ownership is laid is holding it merely as agent of the real owner." *Spurlin v. State*, 222 Ga. 179 (7) (149 SE2d 315). The indictment in the present case alleged more than was required in stating that the ownership of the money was in the corporation. It charged that the money was taken without the consent of the agent of the corporation having custody of the money, and this was sufficient to charge that the money was taken without the consent of the owner.

■ There was no error in overruling the general grounds of the motion for new trial. The crime charged was the robbery of a liquor store. Two employees were present when the crime was committed by two Negro males. Both employees identified the defendant as being one of those participating in the robbery, and the jury was authorized to believe this testimony in preference to the evidence for the defendant that he was not the person committing the crime.

Counsel for the defendant argues that the money was taken from a locked room in the store, to which the employees had no key, and that the evidence failed to show that the money taken was in the possession or control of Mr. Harris as charged in the indictment. The evidence showed that Mr. Harris was the manager in charge of the store, and this was sufficient to prove that he was in possession or control of the funds located in a room of the store.

■ Error is enumerated on the overruling of ground 4 of the amended motion for new trial, which complains that the court erred in denying the defendant's motion for mistrial after Detective Guy testified that the pistol he identified was one which was taken in a robbery earlier from the Northside Loan Office on Edgewood.

The testimony was not responsive to the question asked by the prosecuting attorney. Counsel for the defendant moved for a mistrial on the ground that this testimony injected evidence of a separate crime which had nothing to do with the crime with which the defendant was charged. The trial judge instructed the jury that the statement with reference to where the pistol had come from was not admissible testimony; that it should not be considered by the jury; that they should not permit it to influence their decisions on the issues involved in the case; and that they should completely disregard the statement. The motion for mistrial was renewed.

There was no error in declining to grant a mistrial because of this evidence. *Withrow v. State,* 136 Ga. 337 (3) (71 SE 139); *Stanford v. State,* 201 Ga. 173 (3) (38 SE2d 823).

■ The defendant asserts that the court erred in overruling three grounds of his amended motion for new trial complaining of the failure to give three requested instructions on the presumption of innocence and reasonable doubt.

The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial. *Jackson v. State,* 225 Ga. 553, 561 (170 SE2d 281); *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905). The trial judge gave ample instructions on the presumption of innocence and the necessity of proving the defendant's guilt beyond a reasonable doubt, and it was not error to fail to charge in the exact language requested.

■ It is contended that the court erred in overruling the ground of the amended motion for new trial complaining that the court should have charged the following: "I charge you that the burden is on the prosecution to introduce the best evidence which exists of the fact sought to be proved unless its absence is satisfactorily accounted for."

Counsel for the defendant relies on *Code* § 38-203 in support of this contention, and argues that the question of identity was involved, and the obtaining of fingerprints would have been the best method of proving the identity of the accused.

*Code* § 38-203 is a rule of evidence determining what evidence may be introduced. It generally applies to the contents of a writing. *Hill v. State*, 221 Ga. 65 (7) (142 SE2d 909). It has no application to the proof required to convict an accused of a criminal offense.

We might point out that the record shows that the person committing the robbery (identified by two witnesses as the defendant) kicked open the door to the room from which a part of the money was taken, and used a handkerchief in opening the strongbox, and there is no testimony that any fingerprints were found at the scene of the crime.

■ Error is assigned on the overruling of grounds of the amended motion for new trial asserting error in the refusal to charge three requests for instructions as follows: "(1) No class of testimony is more uncertain and less to be relied on than that of identity. (2) The possibility of human error or mistake, and the probable likeness or similarity of persons are facts which you should consider in passing on the testimony of identity of the defendant. Unless you are satisfied beyond a reasonable doubt as to the accuracy of the witness' identification of the defendant, you should acquit him. (3) If you believe from the testimony and the circumstances proved that there is a reasonable doubt that Mr. Harris and Mr. Portelli are mistaken as to the defendant's identity, then you should return a verdict of not guilty."

This court has previously held that there is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime. *Micheli v. State*, 222 Ga. 361 (149 SE2d 803). The trial judge stressed the necessity for the offense charged to be proved beyond a reasonable doubt, and it was not error to refuse to give the requested instructions.

■ Error is assigned on the failure to give the requested instruction that "the defendant is entitled to an absolutely fair

and impartial trial in this court regardless of his color." The defendant's race, or color, was not a proper matter for comment by the trial judge, and there is no merit in the contention that the judge should have given this requested instruction. *Jackson v. State*, 225 Ga. 39, 48 (165 SE2d 711).

■ The grounds of the motion for new trial which have not been argued in this court are considered abandoned. For the reasons indicated in the foregoing divisions, the trial court did not err in denying the motion for new trial, as amended.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

FELTON, Justice, dissenting from the judgment and the ruling in Division 7 of the opinion.

The fact that there is no duty on the judge to charge does not mean that it is not his duty to give a request which is correct, pertinent and authorized by the evidence. I think the judge erred in refusing to give the requested charges on a vital issue in the case, which were not as fully covered in the general charge as in the requests.