## S00A1156. DAVIS v. THE STATE.
(537 SE2d 327)

HINES, Justice.

Stefon Davis was charged with driving under the influence, driving without a valid license, reckless driving, failure to drive on the right side of a roadway, fleeing and attempting to elude an officer, failure to wear a seatbelt, and violating the limits on sound volume produced from within an automobile. He was found guilty on all counts and appeals the convictions for reckless driving and violating

---

the limits on sound volume produced from within an automobile. He challenges the legality of the reckless driving charge and the constitutionality of the sound statute. For the reasons that follow, we affirm.

1. On the day of trial, Davis entered a special demurrer alleging that Count 4 of the accusation, charging him with reckless driving, was defective because it was framed in the alternative. See *Grantham v. State*, 89 Ga. 121 (14 SE 892) (1892); *Isom v. State*, 71 Ga. App. 803 (32 SE2d 437) (1944) (pleadings framed in the alternative are defective in form, and defect makes indictment subject to special demurrer). The accusation alleged that he drove his vehicle "in reckless disregard for the safety of persons or property," which tracks the language of the statute. See OCGA § 40-6-390 (a).

USCR 31.1 requires that "All motions, demurrers, and special pleas shall be made and filed at or before time of arraignment, unless time therefor is extended by the judge in writing prior to trial." See also OCGA § 17-7-111. Davis did not file his demurrer until several months after arraignment, did not request any extension of time to file, and the court did not grant any extension in writing prior to trial. Compare *State v. Mendoza*, 190 Ga. App. 831 (380 SE2d 357) (1989). USCR 31.1 does not allow exceptions; its flexibility is provided by when and how an extension of time for filing may be granted. *State v. Grandison*, 192 Ga. App. 473, 474 (385 SE2d 139) (1989). As USCR 31.1 was not followed, it was not error for the court to refuse to sustain the special demurrer, even though that decision was not made on the basis of USCR 31.1. See *In re Lucas*, 260 Ga. 337 (393 SE2d 256) (1990); *Lewis v. State*, 233 Ga. App. 560, 562 (2) (504 SE2d 732) (1998).

Further, there is no merit to Davis's special demurrer.[1] Even if it is proper to view this count as phrased in the alternative, there is no error in overruling the demurrer. An indictment or accusation must include all of the essential elements of the crime charged. *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984). See *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977) (failure to charge necessary elements of crime voids the indictment). The accusation used the language of the statute, included the essential elements of the offense, and was sufficiently definite to advise Davis of what he must be prepared to confront. See *Williams v. State*, 165 Ga. App. 69 (4) (299 SE2d 402) (1983).

Also, Davis must show that he was prejudiced by being tried on a defective accusation; without harm, an erroneous overruling of a spe-

---

[1] Even if a general demurrer had been filed, there would be no error in denying it, as Davis could not admit all facts in the charge as filed and still be innocent of the offense charged. *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977).

cial demurrer is not a basis for reversal. *Eubanks,* supra. Trial preparation for the charges of driving under the influence and failure to drive on the right side of a roadway alleged in the accusation would include consideration of the same facts and circumstances as the reckless driving charge, and would allow Davis to frame an adequate defense to this reckless driving count.

> While a defendant can not be charged with separate and distinct offenses in one count of an indictment, offenses of the same nature and differing only in degree may be joined in one count of the same indictment. . . . The test is whether the acts charged in the indictment relate to but one transaction. (Cits.)

*Rank v. State,* 179 Ga. App. 28 (345 SE2d 75) (1986), quoting *Bennings v. State,* 53 Ga. App. 218 (1) (185 SE 370) (1936). Count 4, as well as the remaining counts, is the consequence of a single driving incident, and the accusation provided Davis with sufficient information to mount his defense; there was no question as to what actions of Davis's were at issue. Further, the reckless driving charge included all of the essential elements of the crime, and no alleged defect in the accusation harmed him. *McCrary,* supra.

2. OCGA § 40-6-14 (a) prohibits amplified sound from a vehicle that is "plainly audible" at a distance of 100 feet.[2] Davis challenges the statute's constitutionality, asserting that it is vague because a person must guess whether sound from his vehicle will be heard at a distance of 100 feet. A statute is not unconstitutionally vague if its language provides persons of ordinary intelligence with notice as to what it prohibits so that they may conduct themselves accordingly. *Land v. State,* 262 Ga. 898, 899 (1) (426 SE2d 370) (1993). The plain language of OCGA § 40-6-14 (a) provides clear notice of what conduct is prohibited. The statute prohibits sound "plainly audible" at a distance of 100 feet, providing an objective standard with which persons are to comply. See *Murray v. State,* 269 Ga. 871 (505 SE2d 746) (1998) (upholding the definition of preponderance of the evidence provided in OCGA § 24-1-1 (5) for the admission of similar transaction evidence, because the language of the statute contained an objective standard); *Levendis v. Cobb County,* 242 Ga. 592 (250 SE2d 460) (1978) (upholding county licensing ordinance because ordinance pro-

---

[2] OCGA § 40-6-14 (a) reads as follows:

It is unlawful for any person operating or occupying a motor vehicle on a street or highway to operate or amplify the sound produced by a radio, tape player, or other mechanical sound-making device or instrument from within the motor vehicle so that the sound is plainly audible at a distance of 100 feet or more from the motor vehicle.

vided sufficient objective standards to control discretion of governing authority). To find the statute unconstitutional, this Court would have to find that a person of ordinary intelligence does not know what it means for sound to be "plainly audible" at a distance of 100 feet, and such a finding belies credibility.

Davis asserts that *Thelen v. State*, 272 Ga. 81 (526 SE2d 60) (2000), is controlling and requires reversal, but this is not so. The noise ordinance at issue in *Thelen* contained vague and subjective language, such as "unnecessary," "unusual," and "annoying," that is not present in OCGA § 40-6-14 (a). Id. at 83. It was those words, and their inherent vagueness and subjectivity, that required persons "of common intelligence to guess at their meaning," rendering the ordinance unconstitutional. Id. at 82. OCGA § 40-6-14 (a) utilizes clear and definitive language to outline the prohibited conduct and the context in which the statute applies, and does not impose any subjective standard of application.

Our ruling is consistent with those of other states. See *Moore v. City of Montgomery*, 720 S2d 1030 (Ala. Crim. App. 1998) (distance standard in noise ordinance not unconstitutionally vague); *People v. Hodges*, 83 Cal. Rptr. 2d 619 (Cal. Ct. App. 1999) (standard of 25 feet readily understandable); *Davis v. State*, 710 S2d 635 (Fla. App. 5th 1998) (statute making it a violation to play a vehicle's stereo so that the sound therefrom is plainly audible at a distance of 100 feet or more from the vehicle was not vague); *Holland v. City of Tacoma*, 954 P2d 290, 295 (Wash. App. 1998) (a person of ordinary intelligence knows what is meant by prohibition of sound that is audible more than 50 feet away). We have no hesitation in declaring that a statute's use of a standard that sound is "plainly audible" at a set distance is not unconstitutionally vague.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Patterson & Patterson, Jackie G. Patterson, Yasma M. Patterson,* for appellant.

*Jack Kirby, Solicitor, Marla P. Chambless, Assistant Solicitor,* for appellee.